Plaintiff filed this suit to recover damages to his automobile resulting from a collision with defendant's car at a road intersection in Claiborne Parish, Louisiana. Plaintiff alleges that he was traveling the Springhill-Haynesville highway at a speed of 25 miles an hour and while continuing to travel on his own side of the road, made a right turn into the Millerton Road; that he was then confronted by the defendant's car coming around the curve in the middle *Page 284 
of the Millerton Road. Plaintiff alleges that he turned his own Ford car to the right as far as possible and that defendant, on the contrary, turned his Pontiac to the left, causing the two cars to collide on the plaintiff's right side of the road. The plaintiff further alleged that defendant offered to pay for the repair of plaintiff's automobile.
The defendant denied the acts of negligence charged by plaintiff and alleged that he brought his Pontiac to a stop on his right side of the center of the Millerton Road just two car lengths from the intersection, and that plaintiff, traveling at a speed of 30 miles an hour, swung his Ford to the left and drove directly into the left front of defendant's car. He asks for judgment in reconvention for damages to his own car.
From a judgment for plaintiff and rejecting the reconventional demand, defendant prosecutes this appeal.
After the accident, defendant's car was in the center of the road while plaintiff's car had its two right wheels in the ditch on its right side of the road.
[1] We find from a study of the testimony that the collision occurred in the curve at the road intersection and that the view of both drivers was obstructed by weeds growing in the corner of the intersection. The accident occurred in daylight on a clear day and we conclude that the plaintiff was not guilty of negligence in rounding the curve on his own side of the road at a speed of approximately 25 miles per hour, and that the proximate cause of the collision was the negligent act of defendant in rounding the same curve on the wrong side of the road at approximately the same speed.
[2] Defendant, after the accident, went to nearby Haynesville, Louisiana and brought back with him to the scene of the accident, R.V. Stewart, owner of the garage where both cars were later repaired, and Sam Sale, Town Marshal of Haynesville, Louisiana. After an examination by all parties of the scene of the accident, the defendant asked plaintiff if he would be satisfied to have his car fixed and plaintiff replied that he would be satisfied. The fact that defendant, after a trip to Haynesville and after bringing the Town Marshal to the scene of the accident, asked plaintiff if he would be satisfied to have his car repaired and made no claim for his own damages, does not constitute a direct admission of liability. However, it is corroborative of the other testimony that the accident was caused by defendant's negligence.
[3, 4] The highway act makes the wholesome requirement that the drivers of vehicles proceeding in opposite directions shall each yield at least one-half the main traveled portion of the road for a distance of 200 feet before meeting. In order not to risk violating this rule, it is incumbent upon the driver negotiating a curve, where he cannot see the road for 200 feet ahead due to obstructions, to keep on his own side of the road. A motorist entering a blind curve has no right to "take a chance" that he will not meet an oncoming car. When a driver, as did the defendant in this case, comes around a curve on the wrong side of the road, he is responsible for the damages occasioned by his negligence.
Defendant, in his reconventional demand, charged that plaintiff was traveling at an excessive rate of speed; that plaintiff failed to maintain a proper lookout and that plaintiff drove to his left of the center of the road.
Our examination of the record convinces us that plaintiff was driving at approximately 25 miles an hour and on his own side of the road; that he observed defendant's car as soon as it came into view and turned his own car to the right in an unsuccessful effort to avoid the accident. Defendant's fourth charge was that plaintiff drove his car "into a parked automobile." Under our finding that defendant's car was moving at the time of the collision, this charge passes out of the picture. We are further strengthened in our finding that plaintiff did not run into defendant by the fact that the front end of plaintiff's car completely escaped damage; the record showing that the front fender of defendant's *Page 285 
car struck the left side of plaintiff's car, damaging defendant's front fender and leaving the front of plaintiff's car entirely undamaged. The reconventional demand was properly rejected.
Plaintiff contends that defendant, instead of turning his car to the right upon observing the emergency, for some unexplained reason made a further turn to the left and struck plaintiff's car. Since the front end of plaintiff's car was not struck, there is some likelihood that this did happen. Under our finding that defendant was already on the plaintiff's side of the road and that this was the proximate cause of the accident, we do not find it necessary to pass upon this point, upon which the evidence is conflicting.
Defendant cites the case of Sexton v. Stiles, 15 La. App. 148, 130 So. 821, in which this Court laid down the principle that it is the duty of the driver, when the vision of the road ahead is obstructed, whether by curve or road contour or anything else, to bring his car down to such speed as to have it under such control that he can stop within the distance that he can see an obstruction ahead. We do not believe that even a strict application of the principle laid down in the Sexton v. Stiles case would require a motorist to bring his car under such control when rounding a curve that he could avoid being struck by an automobile moving toward him on the wrong side of the road. When defendant rounded the curve on the wrong side of the road, plaintiff might well have been struck even had his car been going at a snail's pace or perchance had been brought to a complete stop.
In the case of Manley, et al. v. Hammons, et al., La. App.,20 So.2d 817, cited by defendant, plaintiff was charged with contributory negligence for not taking steps to avoid striking an automobile which she observed approaching from an opposite direction 300 feet distant and proceeding at an not excessive rate of speed but on the wrong side of the highway. In the case at bar, plaintiff had no such prolonged opportunity to observe that defendant was on the wrong side of the road.
The judgment is affirmed, with costs.