This suit grows out of an automobile accident in Avoyelles Parish. Plaintiff, alleging injuries to himself and damage to his automobile through the negligent operation of a truck belonging to defendants and operated by their employee in the course of his employment, sued for a total of $26,850. After filing preliminary defenses, which are no longer at issue, defendants denied that the driver of the truck was negligent and, in the alternative, alleged that the driver was not in the scope of his employment at the time the accident occurred.
The district court gave judgment for $1300 against only one of the defendants, and that one has appealed. The plaintiff did not appeal from the judgment rejecting his demands as to the other defendant nor answer the appeal of the defendant who was cast.
The principal act of negligence of defendant's truck driver relied upon by plaintiff is that the driver made a left turn on the paved highway in the face of oncoming traffic, without exercising the caution required by the Highway Regulatory Act.
Our careful study of the record convinces us, as it did the trial judge, that the truck driver did make the left turn across the highway and into the path of plaintiff, *Page 782 
who turned to his right in an unsuccessful attempt to avoid the accident in which the car was overturned and serious injury to plaintiff and his machine resulted.
[1] Louisiana courts have uniformly held that one may not make a left turn across a highway unless that turn can be made without danger to normal overtaking and oncoming traffic. One of the late cases in point is that of Home Ins. Co. v. Warren, et al., La. App., 29 So.2d 551.
On the question of agency, we find that the driver of the truck was an employee of the defendant who was cast and that he was engaged at the time on a mission of his employer. On the day of the accident, he had carried some Tennessee Walking Horses, property of this defendant, from defendant's plantation in Avoyelles Parish to Colfax, Louisiana, and was on the return trip when he began the left turn resulting in the accident.
Defendant's denial of liability is on the theory that the driver was making the turn from the main highway into a night club for the purpose of securing refreshments and had therefore deviated from his employer's business. We concede the principle of law that when an employee turns aside from his employer's business on a mission of his own the employer is not responsible for his acts of negligence subject, of course, to the rule that responsibility attaches again upon re-entry.
[2] According to defendant's evidence, the turning into the left lane by the driver was for the purpose of going into the colored saloon or night club to secure refreshments for himself. There was further testimony that the passenger in the truck, a white man, intended to drive the truck a few hundred feet up the road to a place inviting the patronage of white persons, and to return later for the driver. Regardless of theplans of the driver (who testified that the truck was still on its right side of the road when struck) and the other occupant of the truck, no substantial deviation had, in fact, occurred. When the accident happened the truck was still on the main road along the shortest route back to the home plantation from Colfax where the driver's duties had that day carried him. Since in fact, no deviation had taken place, the law applicable to deviation and re-entry need not be considered in deciding the case. Sufficient for the affirmation of the judgment is the proof that the driver was driving along the main road on a mission of his employer and within the scope of his employment and that the accident resulted when he made a left turn in the face of oncoming traffic and in violation of Par. (b), Rule 9, section 3, of Act No. 286 of 1938.
The district court's award of damages was itemized, conservative and amply justified under the evidence.
The judgment is affirmed with costs.