KENNON, Judge.
In this suit, plaintiff Smith seeks to recover, in solido, from defendants Litton and Nealy for damage done plaintiff’s Plymouth Sedan in a collision with defendant Nealy’s Ford Sedan while same was in process of being dragged out of a ditch by a pickup truck belonging to and operated by defendant Litton. In the hours before daylight on October,24, 1948, plaintiff, with several fellow workmen, was traveling easterly on the gravel road from' Belmont to Marthaville in Natchitoches Parish, Louisiana. On the same night, defendant Nealy had loaned his Ford Sedan to one Fred ‘ Bradford, a colored tenant. Bradford had returned from a trip to Leesville and was carrying several companions to their respective homes. When he reached the home of one of his passengers on the Belmont-Marthaville highway and discharged him from the automobile, Bradford, while turning the Nealy,car around, caused same to become stranded, heading south and directly into a shallow ditch with the rear portion still on the road. In answer to Bradford’s appeal for help, defendant Litton drove his pickup truck to the place. As he neared the stranded automobile, approaching from the east, Litton turned his pickup truck to the left so as to bring the front bumper of the truck adjacent to the left rear of the protruding Nealy Ford, with the, lights of the pickup truck, shining on the back of the Ford. The two bumpers were tied together with a trace chain, leaving a slack of about a foot and a half. When this tying operation was completed and' before an effort had been made to pull the Ford from the ditch by backing the Litton truck, the Plymouth Sedan owned by plaintiff and operated by a fellow workman named Rains, approached from the west at a rate of speed estimated by plaintiff to be forty-five miles per hour and by defendants -to be seventy miles per hour. In response to Litton’s direction, Bradford hurried westward from the stranded vehicle and made an unsuccessful effort to flag down the Smith sedan, which crashed into the right rear of the Nealy Ford. The trace chains were broken and the Nealy car was turned approximately at right angles to its former position and almost completely demolished.
•Plaintiff, in petition, alleged that,as he approached the scene, he'observed the Litton truck on its own right (and proper) side of the highway with bright headlights burning; that he expected to pass the Litton truck by continuing forward on his own right side of the highway and when he had reached a point “just in rear of the Litton truck,” he crashed into the right rear of the. Nealy Ford. The petition alleged that the ■ accident was caused by the action of the defendants in failing to have the lights burning on the Nealy automobile, in failing to dim the lights on the Litton truck, and.in placing the Litton truck in a position on the highway as to appear as though it were traveling in a westerly direction, and in giving no warning of the hazardous position of the Nealy automobile alleged to have been immediately to the rear of the lighted Litton truck.
Defendants in a joint answer admitted the occurrence of a collision at the time and place alleged; denied the allegations of negligence in the petition, and in the alternative, should the Court find either guilty of negligence, pleaded that plaintiff, through the driver who was under his control, was guilty of contributory negligence in approaching at a speed of sixty to seventy miles an hour; in continuing to drive at an excessive speed after being blinded by the lights of the Litton truck, and in failing to keep a proper lookout and to keep the Plymouth Se.dan under proper control.
Assuming the position of plaintiff in re-convention, defendant Nealy related that he had loaned his automobile on the night in question to Fred Bradford for Bradford’s own purposes; that the Litton truck, at the time it was preparing to pull the Nealy car out of the ditch, was on its own right side of the highway with its lights shining directly on the Nealy sedan as its front wheels rested in the ditch with the rear half still on the highway; that when plaintiff Smith’s car was seen to approach at a speed of sixty to seventy miles an hour, Fred Bradford went some one hundred yards westerly from the disabled se *413 dan and made an effort to stop the -Smith car; that the Nealy automobile was plainly visible’ under the lights of the- Litton truck,- and that it was due to the failure 'of the driver of the Smith automobile to heed the warning by Bradford or t'o observe the dangerous situation visible to him to his front'that caused the damage to Nealy’s sedan and to an outboard motor stored in the back of same. Alleging that the sedan and outboard motor were both damaged beyond repair, Nealy asked for an $815.00 judgment against Smith.
From a judgment of the District -Court rejecting plaintiff’s demands against both Nealy and Litton, and awarding to Nealy as plaintiff in reconvention a judgment of $575.00, plaintiff prosecutes the present appeal.
The road on which the collision occurred is an ordinary gravelled road. ■ The ditch on the south side, into which the Nea-ly sedan was headed, is not a deep one. Defendant Litton, who lives just west of the scene, drove his pickup truck from his bouse past the Nealy sedan, turned around and, approaching from- the east, drove his pickup truck close to the Nealy sedan’ turning his truck at an angle so as to bring his front bumper close to the sedan’s left rear. The two bumpers were fastened together with a -trace chain. The lights on the Nealy car were extinguished; The lights of the Litton truck, which was east and north of the Nealy sedan, illuminated the rear of the Nealy car. As Smith’s Plymouth approached, Bradford 'ran westerly to flag the approaching car. He had no light and seeing that his attempt to flag the car was futile, he stepped off the gravel road and out of the path of the Smith machine, which was approaching on its own right side of. the road at a speed of approximately sixty miles an hour.
Defendant Litton was negligent in having no flares placed out to warn traffic approaching the scene of the towing operation. The Litton truck obstructed its left (south) side of the road and its headlights were pointed in a southwesterly direction. As defendant Litton testified, he “had turned angling where the truck lights could shine-on the Nealy'car.” Litton was further negligent in placing his .truck on its left side of the-highway-and creating a situation -where'-the driver of an'..oncoming car might logically be misled in the darkness by the unusual situation of having a car blocking the south side of the highway, but with its lights pointing westward.
The driver of plaintiff’s automobile was guilty of negligence in not stopping before crashing into the Nealy sedan, which was in front of the Litton truck and visible under the Litton headlights. This driver was further negligent in not observing (or disregarding) -the -warning of Bradford, who was on. the road and endeavoring to warn him of the imminent danger.
While not covered by the pleadings and of no decisive, import, it is true that Bradford, the bailee of the Nealy-automobile, was negligent in not leaving the lights burning on the Nealy sedan, which partly blocked the highway.
Since we find that the driver of. the Smith automobile was guilty of negligence 'in approaching at a high rate of speed and in failing to slow down in spite of the presence of the Nealy sedan under the headlights of the Litton truck and in spite of the warning efforts by Bradford," it follows that there can be no recovery by Smith, who was in the automobile, had the right to control the driver, ancl is chargeable with this contributory negligence.
Defendant Nealy, plaintiff in re-convention, was not present and was,. of course, personally guilty of no negligence. Since we find that Bradford was an experienced driver and was purely and simply a bailee of the Nealy automobile, his negligence is not chargeable to the owner. It. is well established in Louisiana law that the owner of an automobile who lends same gratuitously to another is not chargeable with the negligence of such bailee. Therefore, the District Judge correctly concluded that Smith, defendant in reconvention, was liable for the damage done to the Nealy automobile and outboard motor, which came as a result of the combined negligence of the driver of the Smith automobile and of defendant Litton.
*414 The District Court fixed the amount of damage to the Nealy automobile at $500.00 as stipulated. The additional award of $75.00 for other damage is justified by the evidence.
The judgment is affirmed, with costs.