GLADNEY, Judge.
Roy C. McBroom instituted this suit against V. L. Chavis to recover damages to his Ford automobile in the sum of $300 as a result of a collision between the Ford and a truck owned and driven by the defendant. The accident occurred October 27, 1951, at the intersection of Cypress and Bridge Streets in the City of West Monroe, Louisiana.
There was judgment in favor of plaintiff, and from this judgment the defendant has appealed. In written reasons for judgment the trial court found the proximate cause of the accident was defendant’s act of attempting to cross the two south lanes of traffic on U. S. Highway 80 before he had ascertained that the street was clear of traffic and that he could execute a left turn into Cypress Street in safety. Our brother below correctly found the facts to be as follows:
“Highway No. 80 is a four-lane arterial highway crossing what is known as the New Bridge across the Ouachita River, north of the business section of West Monroe. As Highway 80 enters West Monroe on the East at the West bank of the Oua-chita River it runs approximately a block in a westerly direction and is called Bridge Street. There is a gradual turn to the right as it turns north, and after turning north it is referred to as Cypress Street. Cypress Street runs north and south. South of the intersection of the highway, or Bridge Street and Cypress Street, Cypress Street is a two-lane highway. The turn of Highway 80, or Bridge Street turning south into Cypress Street, is also gradual and there is no sharp corner. On October 27, 1951, the defendant, V. L. Chavis was traveling west on Highway 80, or Bridge Street, on the north or his side of Bridge Street, or Highway 80, in the center lane north of the center line running down the highway. Immediately in front of him was a large van. The defendant, V. L. Chavis, was traveling at a slow rate of speed. Just before arriving at what would be approximately the east line of Cypress Street, the defendant turned left out of the main line of traffic and across the traffic traveling in both directions on Highway 80 and, as he arrived at a point approximately at the center line or a little south of the center line dividing the two traffic lanes on the south side of Bridge Street, 'he was struck on his right side about the center by the plaintiff, R. C. McBroom.
“The testimony indicates that the plaintiff, R. C. McBroom, was traveling south on Highway 80, or Cypress Street, between 15 and 20 mph; that he had almost completed his turn and had reached approximately the south side of Bridge Street in the center lane when the defendant appeared before him, and the defendant was struck by plaintiff’s automobile.
“The defendant testified that he did not see the plaintiff until the impact.
“The damage to plaintiff’s car was estimated at $300.00 and damage to the defendant’s car was $67.50.”
A summary of the alleged negligent acts of the defendant includes: failure to properly signal his intent to make a left turn, failure to keep a proper lookout for approaching vehicles, failure to yield the right of way to plaintiff’s car which had pre-empted the intersection and making an improper left turn. The defendant makes the same allegations against plaintiff, adding, however, the charge that plaintiff was traveling at an excessive rate of speed which prevented him from controlling his automobile with safety.
Some of these charges and counter charges may be easily disposed of. We observe that a hand signal by either driver could not be noticed by the other as the two meeting vehicles were going into or were, in fact, in a left turn when the collision occurred. Also we may dispense with defendant’s averment plaintiff was going too fast as this charge is not supported by proof. We will consider, therefore, the cause of the accident from the viewpoint of the failure of either driver to maintain a proper lookout or to yield the right of way when the other was entitled to it.
By reference to the findings of fact it should be observed that McBroom in mak- *179 mg his left turn did not have to cross any traffic lanes of vehicles proceeding along the four lanes of U. S. Highway 80. This is true because McBroom was proceeding south on Cypress Street until he reached Bridge Street and he turned left into Bridge Street by following U. S. Highway 80 as it turned east. On the other hand, for Chavis, who was proceeding west along Bridge Street on Ü. S. Highway 80, to enter Cypress Street and proceed south thereon, it was necessary for him to cross the two lanes of traffic on U. S. Highway 80 carrying traffic towards the east. The turn in the highway at this intersection is not sharp as there are four lanes of traffic, two for traffic in each direction.
The evidence places the point of impact in the south central lane of U. S. Highway 80 about the east lane of Cypress Street as it extends into Bridge Street. From this fact we clearly see that McBroom had completed or had almost completed his turn into Bridge Street, -whereas Chavis had proceeded but a short distance across the center line of U. S. Highway 80 on Bridge Street when struck. Also, we observe that since the collision occurred at the place above' fixed, it follows that Chavis began his left turn and crossed the center line of Bridge Street before arriving at the east line of Cypress Street,
Appellant has assigned several errors to the judgment rendered. It is stated there was error in holding the van was immediately in front of Chavis, it being argued the facts show Chavis was not - trailing the van in the same lane of traffic. This to a certain extent may be true, but it is likewise correct to say the van for a certain period of time prevented plaintiff and defendant from seeing each other. The record indicates when Chavis made his turn to the left for the purpose of entering Cypress Street he was following the truck and driving on the north side, but not the outside lane of Bridge Street, his testimony being:
“Q. Now, isn’t it true that you were driving behind a big truck? A. Yes.
“Q. And you were driving on the north side of the street? A. Yes.
“Q. On the extreme ' right side? A. No, in the center.
“Q. You were in the center, and you cut around that truck ? A. When he turned to make his turn, I led off from behind him to make my left when he was making his right.
“Q. How far from the curb did he make his turn? From the intersection ? A. I couldn’t say. Oh, from the intersection?
“Q. Yes. A. I would say about 10 or 15 feet, 'maybe 20.”
The van was turning to the right in front of the defendant at approximately the same time defendant made his turn to the left for the purpose of entering Cypress Street. At approximately the same time McBroom was meeting both of the vehicles referred to and he was engaged in turning from the west side of Cypress Street into the south side of Bridge Street. The position of the Ford automobile during this turn compels the conclusion that except for a very few feet the van prevented both plaintiff and defendant from observing each other until the two vehicles met somewhere near the center line of Bridge Street and the east line of Cypress Street. Defendant, hitnself, declares he did not see plaintiff until the two cars collided. We, therefore, do not find error in the trial court’s finding.
Another error complained of is that even though the van did obstruct the view of Mc-Broom’s car the accident would not have occurred had not McBroom been traveling at an excessive rate of speed which prevented the proper control of his automobile. We do not think this inference is justified from the facts. McBroom’s testimony as to his speed of 15 to 20 miles per hour is corroborated by that of R. L. Spillers, who was directly behind McBroom at the time of the collision. We do , not think this speed excessive under the circumstances.
It is asserted that if McBroom had been keeping a proper lookout there was nothing to have kept him from seeing the panel truck of Chavis. We think this argument is resolved by the fact that when the van and vehicle driven by Chavis turned in opposite directions the collision with McBroom was immediate.
*180 It seems important to notice that the locale of the accident involved an intersection at a point on Highway 80 within the corporate limits of the City of West Monroe, where the traffic is nearly always extremely heavy. Certainly before Chavis undertook to make a left turn across the south lane of U. S. Highway 80 he should have ascertained that he could do so in safety. If such a turn could not be safely made he should not have attempted the turn until a proper time. Chavis testified he was driving behind a big truck in the center lane of the north side of Bridge Street, and that when the truck “turned to make his turn, I led off from behind him to make my left when he was making his right”. Seemingly this is an admission he made the left turn before being able to observe the approaching traffic which could be obscured by the turning truck. This, we think, explains why Chavis did not see McBroom prior to the impact and also makes credible the testimony of McBroom that he did not see the defendant’s vehicle until he was within a few feet of it.
Counsel points to the fact that both vehicles were in the act of making the hazardous left turn, arguing from this point that plaintiff is also negligent. But, we do not think under the facts plaintiff was guilty of contributory negligence. Rather, we agree with the reasons for the judgment given by the judge a quo when he found the sole and proximate cause of the collision was the failure to make sure he could cross the two well traveled lanes of U. S. Highway 80 safely and without danger to himself and others.
Such a maneuver required Chavis to exercise every precaution. In our opinion it was negligence for the defendant to attempt to cross these lanes of traffic. It is well settled in Louisiana that the operator of a motor vehicle who desires to make a left turn carries the responsibility of being certain that the turn can be made without danger to normal overtaking or on-coming traffic, and he must yield the right-of-way to such vehicles. See: Bonstaff v. Hawkins, La.App., 1947, 30 So.2d 781-782; Malone v. Fletcher, La.App., 1950, 44 So.2d 352; Myers v. Maricelli, La.App., 1951, 50 So.2d 312.
We find that plaintiff was not guilty of contributory negligence and that the sole and proximate cause of the accident was the act of defendant in making the turn without ascertaining that the street was clear of traffic and he could make this maneuver in safety. The judgment appealed from is affirmed at appellant’s cost.