71 So.2d 573 (1954)
EMMCO INS. CO. et al.
v.
SAVOY.
No. 19975.
Court of Appeal of Louisiana, Orleans.
April 12, 1954.
*574 Louis H. Marrero, Marrero, for appellants.
Nestor L. Currault, Jr., Gretna, for appellee.
REGAN, Judge.
Plaintiff, Foster Worley, and his subrogee insurer, Emmco Insurance Company, instituted this suit against the defendant, Roy J. Savoy, endeavoring to recover the sum of $327.91 representing property damage incurred on September 2, 1950, at about eleven o'clock a. m., as the result of an intersectional collision in Seventh Street and Third Avenue, in the Village of Harvey, Louisiana, between Worley's 1946 Ford Tudor Sedan, operated by his son-in-law, Lewis P. Boone, and Savoy's 1934 Ford automobile.
Defendant answered and admitted the occurrence of the accident, but asserted that the proximate cause thereof was the negligence of the operator of Worley's automobile and, in the alternative, pleaded the contributory negligence of Boone, which, he contends, is imputed by law to Worley. Defendant then reconvened claiming the sum of $125, representing property damage incurred by his automobile.
From a judgment dismissing both the main and the reconventional demands, the plaintiff prosecutes this appeal. Defendant has neither appealed nor answered the appeal, hence the reconventional demand is not before us.
The trial judge found as a fact that this accident occurred in the intersection of Third Avenue and Seventh Street, in the Village of Harvey, Louisiana, and that Boone, the operator of Worley's automobile and the defendant, Savoy, were each guilty of negligence. We have carefully examined the record and are in accord with the factual result, however, on appeal counsel for plaintiffs has directed our attention to the fact that there is no proof contained in the record of an agency or employer-employee relationship existing between Worley and Boone and when the accident occurred Boone was on a mission of his own.
Therefore, the only question which the pleadings and the facts in this case poses for our consideration is one of law and that is: May the negligence of Boone be imputed to Worley thus preventing recovery by Worley and his insurer for damages sustained to his car?
It is well settled that an owner of an automobile may recover for damages sustained by it in an accident to which the negligence of the operator contributed. Pancoast v. Cooperative Cab Co., 1948, La.App., 37 So.2d 452; Bituminous Fire & Marine Insurance Co. v. Allen, 1948, La. App., 36 So.2d 878; Honeycutt v. Carver, 1946, La.App., 25 So.2d 99; Adam v. English, 1945, La.App., 21 So.2d 633; Manley v. Hammons, 1944, La.App., 20 So.2d 817; Metzler v. Johnson and Johnson, La.App., 71 So.2d 607.
Boone was guilty of negligence, but his negligence cannot be imputed to Worley since he was operating the car to serve his own interest and was not engaged upon a mission for Worley either as agent or employee.
The author hereof is not satisfied with the equity of the result which we have reached herein, nevertheless, the existing jurisprudence compels him to arrive at the foregoing conclusion. See 14 La. Law Review, 340 at page 351 et seq. (February, 1954) wherein "Imputed Contributory Negligence" is discussed at length.
*575 The damages incurred to Worley's automobile amounted to the sum of $327.91, which have been adequately proven.
For the reasons assigned the judgment appealed from insofar as the main demand is concerned is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of the plaintiffs, Emmco Insurance Company and Foster Worley, and against the defendant, Roy Joseph Savoy, in the full sum of $327.91. In all other respects the judgment appealed from is affirmed. Defendant to pay all costs.
Reversed in part.
Affirmed in part.