ELLIS, Judge.
This suit was brought by the bailor of an automobile for damages to its vehicle. Its bailee was driving north along a highway and became the third car in a line of vehicles. The first car in this line stopped; the second car stopped also, without touching the first car. The third car, owned by the plaintiff and driven by its bailee, attempted to pull out of the line of traffic to his left and proceed around the cars ahead. The plaintiff’s vehicle struck the second vehicle in line, the fourth car in line, owned by W. R. Porter, one of the defendants,, and driven by his daughter, was struck by a fifth car in line, and the Porter vehicle, immediately behind the plaintiff’s vehicle, struck it causing damage for which plaintiff attempts to recover.
The owners of the first, second and fourth cars in the line of traffic are joined as defendant, as well as the driver of the Porter car. The trial Court originally rendered judgment insólido, against Porter and his daughter, the owner and driver of the fourth car, dismissing the suit as to the other defendants. These last two filed an application for a rehearing and the lower court thereupon recalled and vacated its former judgment, dismissing the suit as to all defendants.
The plaintiff has appealed, praying the judgment be reversed as to Porter and his daughter.
In the written reasons for judgment on the rehearing the trial court stated his first decision was rendered without having the benefit of the transcript of testimony, but after this was filed and studied, it became clear there was an error in granting judgment for the plaintiff as there was not sufficient evidence therein to support any judgment in its favor. This lower court concluded that the Porter car did strike the rear of plaintiff’s vehicle, but that the Porter car was first struck from its rear by the fifth car in line, which caused the Porter vehicle to strike the plaintiff’s automobile. It was also concluded that the Porter car did strike the *601 Tear of plaintiff’s vehicle, but that the Porter car was first struck from its rear by the ■fifth car in line, which caused the Porter vehicle to strike the plaintiff’s automobile. It was also .concluded that the plaintiff’s car struck the second car in line before the Porter car struck the plaintiff’s car.
The testimony supports the conclusions of the Lower Court in that the driver of the second car testified that plaintiff’s vehicle tried to pass her and struck the left rear of her automobile. Also, Miss Porter testified to this fact and none of this testimony was contradicted.
Miss Porter further stated that she was about 30 feet from the plaintiff’s car when she heard the noise of brakes being applied, and that she immediately applied her brakes, and then the car she was driving was struck from the rear, which caused her to strike the plaintiff’s automobile. The owner and passenger in the Porter car testified Miss Porter could have stopped this car and avoided a collision if it had' not been hit from the rear by the fifth car in line. It is to be noted that the collision by the rear car caused considerable damage to the Porter car.
The plaintiff seems to rely completely upon the fact that the Porter vehicle was traveling only approximately 30 feet behind the plaintiff’s car, while traveling in a line of traffic. This fact alone would constitute no negligence. The doctrine to be applied in such circumstances was set forth by this Court in McDaniel v. Capitol Transport Co., La.App., 35 So.2d 38, 41. Therein, the case of Hill v. Knight, La.App., 163 So. 727, was cited from which language was quoted as follows:
“ 'The only rule that can govern the interval to be maintained is that of reasonable care under the circumstances. The mere fact that a vehicle is moving in close proximity to a moving vehicle ahead and keeping up with it does not of itself constitute negligence. In determining whether or not a driver was negligent in not maintaining a proper distance between his automobile and the one preceding him, the speed at which he was traveling, the condition of the road, the amount of traffic, the condition of his brakes, and his ability, acting with ordinary care, to stop his car if required to do so by a situation not produced by another’s negligence, should be considered.’ ”
The Hill case further concluded that the mere collision of a following car with one in front of him did not place a presumption on the following car of negligence, but that this question depended upon the circumstances, and was usually a question for the Trial Court.
The Mary car, second in line, managed to stop without hitting the first car, and according to the testimony it it possible that the Porter car could have stopped or turned aside so as to avoid striking the plaintiff’s vehicle if it had not been struck from the rear by the fifth car in line. The testimony shows the whole line of cars was traveling at approximately the same speed, and consequently -this is further evidence of .the possibility of the Porter car to have safely halted, as did the second car, except for the added impetus given it by the fifth car in line.
There is no doubt but that the negligence of the driver of plaintiff’s car. could not be imputed to his bailor. This is well established in our jurisprudence, and has been commented upon as late as the case of Smith v. Litton, La.App., 47 So.2d 411. However, the only question on this appeal is whether the driver of the Porter car was negligent, and if so, whether her negligence contributed proximately to plaintiff’s damage.
A careful study of the testimony leads us to the same conclusion as that of the trial court, who correctly stated that “there is simply not sufficient evidence to support any judgment in favor of the plaintiff.” The plaintiff has not borne the burden of proof necessary for recovery.
For the reasons, assigned, the judgment of the lower court is affirmed at plaintiff’s cost.