AYRES, Judge.
Plaintiff, an emancipated minor, instituted this action for damages for permanent personal injuries, pain and suffering sustained by him, for hospital and medical expenses incurred, and for damages done to his motorcycle resulting from a collision of said motorcycle with an International truck of defendants at 3:45 p. m. August 10, 1953, on St. Vincent Avenue in the City of Shreveport, Louisiana, which truck was driven and operated at the time by E. G. Palmer in .the course and scope of his employment and as agent of defendants.
Both vehicles were driven in a northerly direction on St.- Vincent Avenue. The International truck was in the lead. Plaintiff alleges the collision occurred when he attempted to pass defendants’ truck, at which time defendants’ driver attempted a left-hand turn toward the store on the left side of the street. The truck driver was charged with negligence in attempting a left-hand turn without ascertaining that such maneuver could be made in safety and without danger to other traffic and without keeping .a proper lookout or looking to the rear or.giving any signal, of his intention to make such turn, by failing to yield the right of way to plaintiff and in turning directly into the path of his motorcycle, and by operating the truck without a rear view mirror or an electric turn indicator.
To plaintiff’s actioh two defenses are interposed, first, that the driver of the truck was not at the time of the accident acting in the course and scope of his employment but was on a personal mission which had no connection with defendants’ business and that he therefore had deviated from his employment; and,- second, that plaintiff was guilty of contributory negligence constituting the sole proximate cause of the accident in not keeping his motorcycle under control and in attempting to pass the truck without keeping a safe distance to its left and without sounding his horn or giving any warning of his intention to pass, by driving in a zigzag manner from left to right across the street and so close behind the truck as to prevent the driver from seeing the motorcycle.
From a judgment in plaintiff’s favor for $1,233.10, representing $1,000 for pain and suffering, $60 for medical expenses, and $173.10 as damages to the motorcycle, defendants appealed. Plaintiff has answered the appeal, praying that the award be increased to $10,233.10.
Defendants own and operate a grocery business at 115 East 70th Street, Shreveport, Louisiana. E. G. Palmer was their employee, a portion of whose duties was to drive the grocery delivery truck. On the occasion of this accident, Palmer was sent to deliver groceries to a residence at 106 West 78th Street. After making this delivery and while returning to the store, the accident occurred. The return trip was along St. Vincent Avenue, on the left side of which, at municipal number 7002, the grocery and market of L. H. Hicks was located. Palmer’s mother was employed there. It was Palmer’s intention to stop' at this store, and obtain funds from his mother for his own personal use. The truck was in the act of turning to the left when the motorcycle approached from the rear. The truck was yet in the street on which the driver was returning to his employer’s place of business when the accident occurred.
Under similar circumstances, where defendant denied liability on the ground of the employee’s deviation' from his employer’s business, this court in Bonstaff v. Hawkins, 30 So.2d 781, 782, had occasion to say:
“Defendant’s denial of liability is -on the theory that the driver was making the turn from the main highway into a night club for the purpose of securing refreshments and had therefore de *170 viated from his employer's business. We concede the principle of law that when an employee turns aside from his employer’s business on a mission of his own the employer is not responsible for his acts of negligence subject, of course, to the rule that responsibility attaches .again; upon re-entry.
“According to defendant’s evidence, the turning into the left lane by the driver was for the purpose of going into the colored saloon or night, club to secure refreshments for himself. There was further testimony that the passenger in the truck, a white man, intended to drive the truck a few hundred feet up the road to a place inviting the patronage of white persons, and to return later for the driver. Regardless of the plans of the driver (who testified that the truck was still on its right side of the road when struck) and the other occupant of the truck, no substantial deviation had, in fact, occurred. When the accident happened the truck was still on the main road along the shortest route back to the home plantation from Colfax where the driver’s duties had that day carried him. Since in fact, no deviation had taken place, the law applicable to deviation and reentry need not be considered in deciding the case. Sufficient for the affirmation of .the judgment is the proof .that the driver was driving along the main rpad on a mission of his employer and within the scope of his employment and that the accident resulted when he made a left turn in the face of oncoming traffic and in violation of Par. (b), Rule 9, section 3, of Act No. 286 of .1938.” LSA-R.S. 32:235.
Under the facts as disclosed by the record in this case, we áre likewise of the opinion that there was no substantial deviation by defendant’s driver from his employer’s business. He was then enroute back to his employer’s place of business. He had not in fact deviated from his employer’s business, when the accident occurred. Such being the fact and no deviation having in fact taken place, the laws applicable to such a contention need not be considered in a determination of the issues of this case.
Our learned brother of the district court was ingenious in the development of the pertinent facts of this case as shown- by his written opinion. We will, therefore, adopt as our own a portion of his reasons for judgment:
“The evidence shows that the driver of defendants’ truck had just previously made a delivery of groceries to one of defendants’ customers and was returning to the store via St. Vincent Avenue in the city of Shreveport, driving north towards 70th Street. Plaintiff was approaching from the rear, and after ascertaining that there was no oncoming traffic, started to pass defendants’ truck at a point about the middle of the block and just south of Hicks’ Store, which’ was located on the west side of St. Vincent Avenue. Defendants’ driver decided to stop at Hicks Grocery, where his mother, worked, and obtain from her some money with which to buy himself some cigarets. Plaintiff turned left into the west lane of the street and had reached approximately the rear of defendants’ truck when .the driver of the truck made a left turn crossing the west lane of the street, causing the accident. Plaintiff testifies that he sounded the horn of his motorcycle twice, and as he was in the act of passing defendants’ truck the truck made the left turn, striking the motorcycle and causing it to overturn and fall on the plaintiff. Plaintiff and Mrs. Johnson, who was on 70th Street and viewed the accident, testified that Mr. Palmer gave no signal of his intention to turn left, while Mr. Palmer states that he gave the proper signal, but never saw plain- ■ tiff ¡until after he began his left-hand turn; that he never heard plaintiff’s signal of his intention to pass; that he *171 saw plaintiff’s motorcycle bounce up and down as if it had hit a hole in the street, and that there was no contact between the motorcycle and the truck he was driving. (No hole or impediment existed in the street). Mr. Palmer testified that he drove on across the street and stopped with two wheels of his truck remaining on the street, jumped out of the truck, and removed the motorcycle from plaintiff’s body. Mr. Palmer further testified that when a motorcycle was within ten feet of the truck he was driving it could not be seen; that he had no rear-vision mirror in the,truck but had'an outside-mirror attached to the ■ windshield.
“The evidence clearly shows that the driver of defendants’ truck was acting within the scope and course of his employment at the time of the accident. The evidence further discloses that plaintiff had a right to pass the truck at the time and place that he attempted to do so. It is immaterial whether there was a contact between the truck and the motorcycle. The proximate cause of the accident was the left turn made by the driver of defendants’ truck. Without making a detailed discussion of the evidence, we are unable to find that plaintiff was negligent in any particular, unless it was his assumption that the defendants’ driver had heard his signal when he had not, in fact, done so.”
A very similar factual situation was involved in Parker v. Home Indemnity Co. of New York, La.App., 41 So.2d 783. The finding of the court was stated:
“The facts show that at about the hour of 8:30 on the morning of January 22, 1948, plaintiff was riding his motorcycle on Sputhern Avenue, a right-of-way thoroughfare of the City of Shreveport, in a northerly direction. Between the intersections of Prospect and Dalzell Streets plaintiff was riding some 20 feet behind the automobile of defendants’ assured, one Roger Culbertson, which was proceeding in the same direction on the right-hand side, within a foot or so of the center line of the street. Both vehicles were being operated at a reasonable rate of speed in the neighborhood of 20 to 25 miles per hour. Plaintiff testified that he was anxious to pass the Culbertson car, and, after following the said vehicle for some block or block and a half and finding the way cleared of on-coming traffic, he sounded the horn'on his cycle, and began to negotiate a passing maneuver just at or about the intersection of Dalzell Street. At almost the same instant Culbertson, without giving any hand signal but after ‘jamming’' his brake two or three times which automatically flashed • a taillight on the left rear of his car, began the execution of a left turn into Dalzell which carried him immediately into the path Of the passing motorcycle, The latter vehicle crashed into the left side of the automobile about the middle portion thereof.”
One important distinction of the present from the cited, case, is that in the present case neither the attempted pass by ■ the motorcycle nor the -attempted left turn by the truck was in the. vicinity of a street intersection, as was the situation in the cited case. That left turns are peculiarly dangerous and hazardous maneuvers and should be taken with extraordinary care is a proposition well established by an impressive array of cases, citation of which are unnecessary due to the general acceptation of the proposition. Considering the unusual danger attached to the execution of a left turn by a motor vehicle and the high degree of care required in connection therewith, and in view of the fact that defendants’ driver claimed that he was unable to see plaintiff’s motorcycle approaching from the rear, there could be no.question of his guilt of negligence which was a proximate cause of the accident. =
Defendants’ driver is charged with seeing that which was there for him to see *172 and which he could have seen and ascertained by the exercise of due caution. Attempting this maneuver, without first ascertaining that it could be made in safety and without danger to approaching traffic, was in violation of the statutory regulations and constituted negligence. If the opportunity of detecting a following vehicle by glancing into a rear view mirror is impeded or obstructed in any manner, as was claimed by the driver of the truck, such fact in itself requires the exercise of additional and extreme precautionary measures, such as looking out the window to the rear, and defendants’ driver’s failure to take such measures, in our opinion, justifies the conclusion that he failed to avail himself of the last clear chance to avoid the accident. Such negligence constitutes a proximate cause of the collision. This was the holding in Parker v. Home Indemnity Co. of New York, supra, the reasons for which we consider sound and controlling here.
It is therefore our conclusion that the sole and proximate cause of the accident was the aforesaid negligence of defendants’ driver, who was acting in the course and scope- of his employment and from which he had not deviated at' the time of the accident, and that plaintiff was free of contributory negligence and is entitled to recover such damages as he may have sustained.
As to the extent of the plaintiff’s injuries and the quantum of award, the trial judge, who had the opportunity to observe plaintiff during the course of the trial, stated:
“Plaintiff suffered multiple abrasions, small lacerations and contusions. He had a laceration of the chin that required six sutures to. close; he had abrasions of the left and right forearms and small laceration under his right eye; the bridge of his nose had a small laceration and a small depressed fracture of the nose cartilage. These injuries were painful but healed within -two weeks. The scar under the .chin is barely discernible, and at the time of the trial we do not think that anyone would notice any of the defects mentioned unless their special attention was called to same. Plaintiff was off from work for two weeks, but his salary was paid by his employer. We think the sum of $1,000.00 is sufficient to cover his pain and suffering, and he is given judgment for that amount, together with $60.00 medical expense and $173.10 damage to his motorcycle.”
From the facts as disclosed by the record, we are not in position to say that the award was either excessive or inadequate.
For the reasons assigned, the judgment appealed is affirmed at appellants’ costs.
Affirmed.