GLADNEY, Judge.
This is an action in tort instituted by the owner to collect for damages sustained by his Chevrolet truck in a collision with a Chrysler sedan owned and operated by O. C. Alvey. The accident occurred about 11:00 o’clock P. M. on January 31, 1954, on U. S. Highway No. 80, approximately one mile east of the limits of the City of Monroe, Louisiana, where the highway is intersected by Kansas Avenue from the south. Kansas Avenue does not continue north of the highway and thus forms with the highway what is commonly referred to as a “T” intersection. A collision between the two vehicles occurred when the operator of the truck, Grant M. Arnold, who was driving westerly along the highway, attempted to execute a left turn into Kansas Avenue at the time Alvey was engaged in ■ overtaking and passing the truck. For purposes of trial this suit was consolidated with that of Alvey v. General Insurance Corporation, La.App., 84 So-.2d 275, which suit presented a property damage claim by Alvey against the insurer of McDonald’s truck. After a trial on the merits the trial court, without assigning written reasons for judgment, rendered judgment favorable *273 to McDonald and rejected the demands of Alvey against McDonald in the instant suit and against McDonald’s insurer in the companion suit. From the decision Alvey has appealed.
Alvey is charged with fault in five specifications of negligence:
(a) failing to sound his horn or otherwise signal that he intended to pass petitioner’s truck; (b) failing to observe the statutory law of the road anent passing vehicles at highway intersections; (c) crossing the broad yellow strip that marked said intersection at a time when it was dangerous to do so; (d) failing to heed the left hand signal when given by the driver of petitioner’s truck; and (e) traveling at a rate of speed which was excessive under the circumstances.
In his answer Alvey denies that he was guilty of any act of negligence and avers that the collision was solely and proximately caused by Arnold’s negligence, in that:
(a) he operated a motor vehicle on a heavily traveled main highway at night although he was an incompetent driver, which incompetence led to and was responsible for the dangerous operation of the truck; (b) he started up from the extreme right hand side of the highway and made an abrupt left turn without ascertaining whether or not vehicles were approaching from the rear; (c) he made said abrupt left turn without making any signal of his intention to do so; and (d) he made said left turn across the highway directly in front of plaintiff’s on-coming automobile which he could have and should have seen had he looked.
The answer also contains a reconven-tional demand for the damage sustained by the Chrysler automobile. In brief and argument before this court, counsel for appellant contends that the trial court erred: (1) in not holding that McDonald, the truck owner, was liable for the damage done by Arnold, an inexperienced driver who had been permitted to drive the truck-on the -highway at night; (2) in holding as a matter of law that Alvey was guilty of negligence in attempting to pass a parked vehicle at an intersection; (3) in failing to hold that the sole and only cause of the collision was Arnold’s gross negligence in driving the truck across the highway in the face of on-coming traffic; and (4) alternatively, in not holding that Arnold had the last clear -chance of avoiding the collision.
On the date of the accident Mrs. Vallarie Arnold, mother of Grant M. Arnold, her nineteen year old son, obtained the use of the subject truck from her employer, plaintiff in this cause, for the purpose of making a visit to Mrs. Arnold’s sister. Grant M. Arnold was also an employee of McDonald as a driver of tractors and trucks. He had been licensed to drive an automobile for about three years at the time of the accident which has given rise to this litigation. Following the visit to Mrs. Arnold’s sister, Mrs. Arnold and her son, Grant, were returning home'about 11:00 o’clock P. M. and proceeding in a westerly direction along U. S. Highway No. 80. Grant Arnold testified that as he approached the scene of the accident with the intention of turning left into Kansas Avenue, he observed following him Alvey’s car about 100 yards to the rear, and at the time he gave a hand signal to turn to the left and slackened his speed in order to make the left turn into Kansas Avenue. He states that after commencing said turn his truck was struck just about the left door by the right front fender of the Chrysler automobile. The truck stopped in the ditch on the south side of the highway and the Chrysler came to rest in the south traffic lane of U. S. Highway No. 80.
Alvey was accompanied by Mrs. Aina Petty. He testified that he was proceeding westerly along U. S.' Highway No. 80 and first observed the truck ahead of him parked on the north side of the highway with its lights on; that he approached the truck for the purpose of passing it, blinked his lights but did not sound his horn, and proceeded to pass the parked vehicle; that in the act of passing, because the parked truck occupied a portion of the north traffic *274 lane, it was necessary for the left wheels of the Chrysler to cross the yellow line which marks the center of U. S. Highway No. 80 so that said wheels were about two feet within the south traffic lane; and that while he was so passing the truck, and without any previous signal or warning from the driver thereof, it suddenly started and abruptly turned left in front of him. He further testified that he vainly turned to the left in an effort to avoid the collision.
Shortly after the accident J. W. Rabb, who had been following the Chrysler Automobile, arrived at the scene of the accident and I. H. Otwell, an officer of the Louisiana State Police, also came up. During the time Officer Otwell was making his investigation there were present Grant M. Arnold and his mother, Alvey, J. W. Rabb and Mrs. Aina Petty. All of these parties testified upon the trial as did Mrs. J. W. Rabb, Officer Otwell, Alvey, J. W. Rabb and Mrs. Petty testified that Mrs. Arnold and her son both related the truck had been brought to a stop opposite Kansas Avenue while they attempted to determine if Kansas Avenue was the street which they wished to turn into from the highway. Mrs. Petty and Alvey testified Grant Arnold gave no signal of his intention to make a left turn. Officer Otwell stated that Arnold told him he did not remember giving a hand signal. Alvey, Mrs. Petty and Rabb testified that Mrs. Arnold likewise admitted after the collision that her son did not give a signal of his intention to turn. Mrs. Arnold and Grant Arnold both deny making any such admissions or statements as testified to by Officer Otwell, Alvey, Mrs. Petty and J. W. Rabb.
 The evidence as disclosed by the record does not sustain a holding by this court that Grant M. Arnold was either on a mission for plaintiff at the time of the accident, or that he was an inexperienced and incompetent driver. Grant Arnold and his mother were gratuitous bailees of McDonald and in consequence thereof the negligence of the driver of the truck cannot be imputed to the owner thereof. Burke v. Toye Bros. Yellow Cab Co., La.App. 1946, 28 So.2d 369; Smith v. Litton, La.App.1950, 47 So.2d 411; Emmco Insurance Company v. Savoy, La.App.1954, 71 So.2d 573; Metzler v. Johnson, La.App.1954, 71 So.2d 607; Hardy v. M. W. Solomon & Son, Inc., La.App.1955, 78 So.2d 73. It follows from this conclusion that defendant’s reconventional demand herein asserted by the defendant must be denied. Upon this point there was no error in the ruling of the trial court.
Appellant’s second assignment of error complains that the trial court held Alvey guilty of negligence in attempting to pass a parked vehicle at an intersection. The statutory provision which prohibits the following motorist from overtaking and passing at an intersection a forward vehicle moving in the same direction, is too well known to require reference. N-or does it require any authority, statutory or otherwise, to establish that a motorist is not negligent from the mere act of passing a vehicle parked at an intersection. The question which herein confronts the court is one of fact, and that is whether or not the McDonald truck was actually standing still and parked opposite the intersection of Kansas Avenue with U. S. Highway No. 80 while Alvey was in the act of approaching the intersection and engaged in the act of passing the truck. The preponderance of the evidence, we think, indicates clearly that the truck was so parked and resultant of this finding Alvey was neither negligent in attempting to pass the truck at the intersection, nor was he guilty of negligence in crossing the yellow line.
Thirdly, appellant charges error in the decision from which appealed in not holding that the sole and proximate cause of the collision was Grant Arnold’s gross negligence in driving the truck across the highway in the face of on-coming traffic. In view of our holding that the truck was parked on the north side of U. S. Highway No. 80 before it attempted to enter Kansas Avenue, and forasmuch as a preponderance of the evidence shows that Grant Arnold did not give any signal *275 of his intention to make a left turn into Kansas Avenue, there remains no doubt in our minds that the driver of the truck was negligent in attempting to make a left turn under such circumstances as it was unsafe to do so. From our examination of the record we do not find any act of negligence attributable to Alvey unless it he his failure to sound his horn. Alvey testified that he blinked his lights before passing but did not blow his horn. Grant Arnold and his mother both deny that they noticed that the lights of the Chrysler car were blinked. Both say that no horn was sounded. We are not prepared to say that because of his failure to blow the horn Alvey was guilty of negligence constituting a proximate cause of the collision. In the absence of some signal or warning by the driver of a parked vehicle it is not reasonable to expect that the latter will suddenly from a stopped position make a left turn in front of an approaching vehicle. The record does not indicate culpable negligence on the part of Alvey.
In our opinion the sole and proximate cause of the accident was the sudden and quick left turn executed by Grant Arnold without proper signal and when it was unsafe to make such a maneuver. In the case of McBroom v. Chavis, La.App. 1952, 62 So.2d 177, 180, the court said:
“ * * * It is well settled in Louisiana that the operator of a motor vehicle who desires to make a left turn carries the responsibility of being certain that the turn can be made without danger to normal overtaking or oncoming traffic, and he must yield the right-of-way to such vehicles. See: Bonstaff v. Hawkins, La.App., 1947, 30 So.2d 781-782; Malone v. Fletcher, La.App., 1950, 44 So.2d 352; Myers v. Maricelli, La.App., 1951, 50 So.2d 312.”
See also Autenreath v. Southern Mercantile Co., La.App. 1955, 81 So.2d 168 and Benoit v. Commercial Casualty Insurance Company, La.App. 1955, 79 So.2d 647.
We find it unnecessary to consider defendant’s alternative plea predicated on the last clear chance doctrine. It is reasonably clear, we think, the doctrine is without application in the instant case.
For the reasons above given, it follows that the judgment from which appealed should be annulled, reversed and set aside insofar as it recognizes the claim of plaintiff for damages and said judgment is affirmed insofar as it denies the recon-ventiona.1 demand of Alvey. All costs, including cost of this appeal, shall be taxed against plaintiff.