AYRES, Judge.
This is an action in tort occasioned by a collision between a truck and a Pontiac automobile at the intersection of Louisiana Highways 1 and 2 in Caddo Parish, Louisiana, occurring about 7:00 o’clock, p. m. October 2, 19SS. The truck owned by James, insured by the National Surety Corporation, was driven and operated at the time by Robert R. Dickey, James’ employee. All three were made defendants. The Pontiac was owned and driven by Leonard Hunter, one of plaintiffs. His sister, Gracie Hunter, while a guest in his car, sustained injuries in the accident from which she died. Her father, Tom Hunter, the other plaintiff, sued for damages on account of her death. Leonard Hunter sought to recover for the damages sustained to his automobile. Defendant James reconvened for damages sustained by his truck.
From a judgment rejecting their demands and awarding defendant James judgment on his reconventional demands against the plaintiff, Leonard Hunter, both plaintiffs have appealed.
The accident, as aforesaid, occurred at the intersection of State Highways 1 and 2. The former runs in a general north and south course and the latter in a course generally east and west, and from the west intersects the former at a 90 degree angle, forming a dead-end or “T” intersection. The truck, loaded with clay tile pipes, was traveling south on Highway 1 and the Pontiac north on the highway following a Buick automobile.
Defendant Dickey was charged with negligence in driving at an excessive rate of speed, failing to keep a proper lookout, or to apply his brakes or to sound his horn or to give any other warning signal, and in driving on the wrong side of the highway. These charges of negligence *581 were denied by defendants. Counter-charges of negligence in the identical specifications were made against Leonard Hunter, in addition to which Hunter was charged with negligence in operating a motor vehicle while he was under the influence of intoxicating liquor and in driving at an excessive rate of speed, which were alleged to constitute the sole and proximate cause of the accident, or, in the alternative, that such negligence constituted contributory negligence on the part of Hunter barring and precluding recovery by him.
Independent and contributory negligence was charged to Gracie Hunter, the deceased, in that she allegedly voluntarily entered the car a few minutes before the collision occurred, knowing that the driver was intoxicated and, therefore, unfit and incapable of driving the automobile with safety.
More specifically, plaintiff, Leonard Hunter, was charged with negligence in attempting a sudden left-hand turn across the path of defendant’s truck, without giving any signal of his intention to do so, when defendant’s truck was in full view, approaching the intersection on its side of the road and when Hunter suddenly swerved his vehicle to the left in front of the truck.
There is presented here primarily a question of fact. In our review of the record, we not only failed to find any manifest error in the judgment appealed but are convinced that it is eminently correct. These facts are either conceded or were established by the evidence as to obviate any serious dispute. On the Sunday afternoon of this accident plaintiff, Leonard Hunter, and his deceased sister, accompanied by six others, riding in two cars, four to the car, drove from Shreveport to Oil City, where they consumed intoxicating liquor. One of the party had obtained in Gas Center, Texas, that morning, bootleg liquor. The party decided, on leaving Oil City, upon a trip to Texas for a similar purpose. Whereupon they left, the Buick convertible being driven by Robert Green, followed by the Pontiac driven as aforesaid by Leonard Hunter. As they approached the intersection with Highway 2 leading to their destination, Green testified of slowing down and giving a signal of his intention to make a left turn, but, seeing the near approach of defendant’s truck, followed by one or two automobiles, he either further slowed down or stopped, whereupon Leonard Hunter swerved his Pontiac to the left and into his left-hand lane of traffic and headed head-on into defendant’s truck as he attempted a left-hand turn in front of the truck. The point of impact was south of the center of the intersection and in the truck’s lane of travel.
There was no evidence substantiating any of the charges of negligence made against the defendant, Dickey. On the contrary, it is established that when Hunter drove out in front of the truck, the truck was barely 50 feet away, which afforded him neither time, space nor opportunity to do anything effective to avoid the accident.
Particularly applicable is that general rule laid down in LSA-R.S. 32:236, which provides, in part, that:
“The driver of any vehicle upon a highway of this state, before starting, stopping or turning from a direct line shall first see that such movement can be made in safety * *
That left turns are particularly dangerous and hazardous maneuvers and should be made with extraordinary care is a proposition well established by an impressive array of cases, citation of which is usually unnecessary due to the general acceptation of this principle. Autenreath v. Southern Mercantile Co., 81 So.2d 168.
See also Sullivan v. Locke, La.App., 73 So.2d 616, 623, where it was stated:
“The jurisprudence is replete with authorities that the operators of motor *582 vehicles who desire to make left turns carry the responsibility of being certain that the movement can be made in safety and, therefore, without danger to normal overtaking or oncoming traffic. See McBroom v. Chavis, La. App., 62 So.2d 177, and the authorities therein cited.”
The situation here was such as to require the defendant, Leonard Hunter, to exercise the utmost caution. He saw, or should have seen, the Buick ahead of him, which he knew to be headed for State Highway 2, the same as he, slow down and/or stop before attempting a left-hand turn. He knew, or should have known, there was some reason.or basis therefor, for which he should have been placed on notice and on guard. On the contrary, however, without using any precaution seemingly whatsoever, he drove to the left of the Buick automobile into his left lane of traffic apparently without looking or maintaining a proper lookout for oncoming or approaching traffic in that lane or, at least, heedless and reckless in that regard. No conclusion appears logical from the record other than that the accident was due solely to the fault and negligence of the plaintiff, Leonard Hunter. Neither is there any serious question of doubt as to Leonard Hunter’s state of intoxication, which evidently was a factor to be reckoned with in his failure to keep and maintain a proper lookout before attempting a left-hand turn when the condition of traffic made it highly dangerous and unsafe for him to do so.
In reaching the conclusion that Leonard Hunter was solely at fault and that in the occurrence of the accident defendant Dickey was free from negligence, it becomes unnecessary that we determine the charge of contributory negligence made against the deceased party, Gracie Hunter.
The extent of the damage done to defendant’s truck was stipulated by the parties. From the conclusions reached herein, defendant James should recover judgment therefor. We find no error in the judgment appealed and it will, therefore, be affirmed.
For the reasons assigned, the judgment appealed is affirmed at appellant’s cost.
Affirmed.