McBRIDE, Judge.
Plaintiff appeals from a judgment dismissing her suit for $204.53, the property damages sustained by her automobile when it became involved in a collision with defendant’s automobile at about 12 mid. on the cold and rainy night of December 6, 1954, in the intersection formed by the inbound roadway of Gentilly Boulevard and Mandeville Street.
Plaintiff’s automobile at the time was being driven by Falome, her brother, who had borrowed it, and uncontradicted evidence shows he was not on any mission for plaintiff but was engaged in his own affairs. He was driving in the lane adjacent to the neutral ground on Gentilly Boulevard going in the direction of Canal Street.
The defendant was driving on Mande-ville Street going in the direction of the Mississippi River. It is obvious that defendant was guilty of negligence; upon reaching Gentilly Boulevard he failed to heed the traffic sign and without stopping negligently drove out into Gentilly Boulevard into the path of plaintiff’s car with the result that defendant’s car was struck on its left rear somewhere in the area of the narrow neutral ground.
Defendant, in an alternative plea, asserts that Falome was guilty of contributory negligence, but negligence on the part of Falome, if there was any, cannot be an issue in the case and defendant must be held liable for plaintiff’s damage. The law in Louisiana is well settled to the effect that the negligence of the borrower of an auto *903 mobile cannot be imputed to the owner unless the borrower is using the car in the interest of the owner or as his agent or employee. Such is not the case here. Metzler v. Johnson, La.App., 71 So.2d 607; Emmco Ins. Co. v. Savoy, La.App., 71 So.2d 573.
The amount of plaintiff’s damages was stipulated by counsel.
For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that plaintiff have judgment against the defendant for the sum of $204.53, with legal interest from judicial demand until paid and for all costs of both courts.
Reversed.