GLADNEY, Judge.
Plaintiff, the owner of a Mercury Station Wagon involved in a collision with a Buick automobile owned and operated by the defendant, Mrs. Dorothy Parker, instituted this suit for the recovery of expenditures for repairs. After a trial on the issue of liability, judgment was rendered rejecting plaintiff’s demands, hence this appeal.
Plaintiff’s petition alleges the cause of the collision was Mrs. Parker’s attempt to negotiate a left-hand turn directly into the path of its automobile without warning. The defense charges that C. O. Cook, the employee operator of the Mercury, was negligent in several respects, including, inter alia, failure to maintain a proper lookout and to keep his automobile under control, and that he was driving at an excessive rate of speed. After denying negligence on her part, defendant specially pleaded the contributory negligence of Cook, based on the above particulars, and also invoked the last clear chance doctrine.
With weather conditions normal on October 13, 1959, Mrs. Parker was traveling south on Common Street, a four-lane thoroughfare in the City of Shreveport. She brought her vehicle to a stop at the intersection of Common and Caddo Streets in obedience to a semaphore traffic light. She was stopped behind another southbound vehicle in the left-hand lane, it being her intention to execute a left-hand turn into Caddo Street. When the light changed and the vehicle in front of 'her had continued south, Mrs. Parker hesitated momentarily before commencing her left turn so as to permit a northbound motorist to complete a left-hand maneuver from Common Street into Caddo. She then began her turn and after proceeding a short distance the right rear portion of her vehicle was struck by the Mercury Station Wagon at a point located somewhere in the northern portion of the Southeast quarter of the intersection. The two vehicles came to rest within 15 feet of the point of impact. There were no skid marks.
Cook testified that he was traveling at a lawful speed of 30 miles per- hour; that when he reached the intersection, the Parker vehicle suddenly turned to the left, blocking his path; and that although he attempted to apply his brakes, and turn toward the left, he was unable to avoid the collision. Mrs. Parker was rather indefinite as to her observation of the approach of plaintiff’s vehicle. She testified she first observed the Mercury when it was one-half block away, but then her testimony indicates she again saw the Mercury just as it struck her vehicle. This indicates very strongly to us that the defendant was not maintaining a proper lookout and attempted to negotiate a left turn when it was unsafe to do so. The well-established principle of our law was thus stated in Tyler v. Marquette Casualty Company, La.App. 2 Cir., 1955, 79 So.2d 376, 381:
“It is provided in the Louisiana Highway Regulatory Act, LSA-R.S. 32:235, the driver of any vehicle on the highways before turning upon the same, shall ascertain that there is no traffic approaching from either direction which will be unduly delayed and shall yield the right of way to such approaching traffic and not attempt to make the turn unless the way is clear. This statutory rule has been repeatedly construed by the appellate courts in holding a motorist making a left turn must exercise a high degree of caution *790 before attempting to do so and he should not attempt to execute such a turn where there is danger to normal overtaking or oncoming traffic.” Id., at pages 381-382; McBroom v. Chavis, La.App. 2 Cir., 1952, 62 So.2d 177; Gaines v. Standard Accident Insurance Company, La.App. 1 Cir., 1947, 32 So.2d 633; Day v. Roberts, La.App. 2 Cir., 1951, 55 So.2d 316.
The record is devoid of any substantial evidence to support appellee’s plea of contributory negligence. Cook was driving at a lawful rate of speed and was properly observant. Reliance upon the last clear chance doctrine has been abandoned in brief. We, accordingly, hold that the sole and proximate cause of the accident was the negligence of Mrs. Dorothy Parker in attempting to negotiate a left turn when it was unsafe to do so.
For the reasons aforesaid, the judgment from which appealed is reversed and set aside and it is now ordered, adjudged and decreed that there be judgment in favor of plaintiff and against defendant, in the sum of $410.41, with interest from judicial demand until paid. Defendant is cast with costs of this suit.