SAMUEL, Judge.
This is a suit for property damage and loss of income arising out of a collision between a stake-body truck owned by the plaintiff and a tractor and trailer owned and operated by one of the defendants and insured by the other defendant.
Only four witnesses testified to the facts involved in the collision. They were the driver of the plaintiff truck, the driver of a car which attempted to pass that truck just before the accident happened, a passenger in said car, and a man who had been fishing in a canal near the highway and offered assistance as a mechanic to the stopped trailer-tractor. The driver of the trailer-tractor did not testify; he was deceased at the time of trial. The testimony of these witnesses, stipulations entered into by counsel, and the reasons for judgment handed down by the trial court, give us the following facts:
In the conduct of its regular business of leasing automobiles and trucks, the plaintiff leased the stake-body truck to another company and at the time of the accident this truck was driven by an employee of that lessee.
The accident occurred in the early afternoon on U.S. Highway 61 at a point approximately three miles above the city of Kenner. The highway at this point is straight and consists of two 12 foot lanes for traffic traveling towards New Orleans, two lanes of the same dimension for traffic traveling in the opposite direction towards Baton Rouge, a neutral ground in the center, and 15 foot shoulders on both sides of the highway. It had been raining heavily and the road was wet, but at the time of the accident there was only a light drizzle or mist and visibility was good. Nor was there anything to obstruct the view of the driver of the plaintiff truck.
The tractor-trailer was proceeding in the direction of New Orleans and, upon developing a mechanical difficulty (a coil wire to the distributor became disconnected) which killed its engine, came to a stop in its right-hand lane of travel. No flags, flares or other warning devices were placed on the road outside the truck, although an attempt was being made to put flares on the road at the time that the collision occurred. The vehicle had remained in its stopped position on the highway for a period of a little more than 10 minutes when the plaintiff truck, which had been proceeding towards New Orleans in the same right-hand lane at a speed of about 45 miles per hour, ran into the rear end of the tractor-trailer. The driver of the plaintiff truck attempted to avoid the collision by turning into the left or passing lane but he was prevented from doing this by a car which occupied that left lane and was in the act of passing the truck. Although the truck’s brakes were applied it was then too late to stop in time.
The plaintiff has appealed from a judgment rejecting its demands and dismissing its suit.
It is well settled that, in the absence of fault on the part of the lender, negli *843 gence of the borrower of an automobile cannot be imputed to the lender unless the borrower is using the car in the interest of the lender or as his agent or employee. Hinkle v. Digby, La.App., 118 So.2d 902; Emmco Ins. Co. v. Savoy, La.App., 71 So. 2d 573; Metzler v. Johnson, La.App., 71 So.2d 607. This rule also applies to a driver who has rented the car; the latter’s negligence is not imputable to his lessor. U-Drive-It-Car Co. v. Texas Pipe Line Co., 14 La.App. 524, 129 So. 565.
In the instant case negligence on the part of the driver of the plaintiff truck cannot be imputed to the plaintiff. It follows that the defendant is liable if its driver.was negligent and if that negligence was a proximate cause of the accident.
Plaintiff contends that the defendant’s driver was guilty of negligence in several respects: first, in stopping his truck in the right-hand lane of travel and by leaving less than 15 feet of the highway unobstructed in violation of LSA-R.S. 32:241 (A) when it was possible (despite the poor condition thereof) to park on the shoulder; second, in not placing flags behind and in front of the vehicle as required by LSA-R.S. 32:442; third, by not taking any action whatsoever to warn approaching traffic of the presence of his vehicle.
The second contention is correct; the defendant’s driver did have sufficient time to put out flags as required by the statute. We will accept the first and third contentions for the sake of argument only, for under all the facts there is more than considerable doubt as to these, particularly in view of LSA-R.S. 32:241(B) and the fact that the entire left-hand lane of travel was open and unobstructed. In any event the defendant’s driver was negligent.
There can be do doubt that the driver of the plaintiff truck was also guilty of negligence. Despite the fact that visibility was good and that there was nothing between him and the stopped defendant vehicle to obstruct his view, he failed to see that vehicle, and failed to realize it was stopped on the highway, in time to avoid the collision. He should have seen the large tractor-trailer combination in ample time to stop his vehicle before the collision occurred. Since he did not see the tractor-trailer in time, it is highly improbable that he would have noticed flags or other warnings.
Whatever negligence may have been involved on the part of the driver of the defendant vehicle had become passive and too remote to be a contributing cause of the accident. The sole proximate cause thereof was the negligence of the driver of the plaintiff truck. The defendant is not liable because the negligence of its employee-driver was not a proximate cause of the accident. Ardoin v. Williams, La.App., 108 So.2d 817; Manning v. Fortenberry Drilling Co., La.App., 107 So.2d 713; Williams v. Pelican Creamery, La.App., 30 So. 2d 574; Penton v. Sears, Roebuck & Co., La.App., 4 So.2d 547.
For the reasons assigned the judgment appealed from is affirmed, costs to be paid by the plaintiff-appellant.
Affirmed.