This suit results from an automobile collision between a Chrysler sedan driven by Mrs. Edna Norris Manley, one of the plaintiffs, and a Ford coupe, driven by John Cleveland Hammons. The accident occurred about 1:45 o'clock in the afternoon of November 20, 1943, in Union Parish on the Monroe-Farmerville State Highway.
The plaintiffs are Frank B. Manley and his wife, Mrs. Edna Norris Manley. The Chrysler automobile involved in the accident and driven by Mrs. Manley was the property of the community and was being driven, at the time, in the exercise of a mission in the interest of the community. The husband seeks recovery of damages totaling $964.78, representing damage to the automobile, incidental towing charges and expenses for medical services rendered to his wife. The wife claims damages in the sum of $1,000 for personal injuries.
The driver of the Ford car died some ten days after the date of the accident, from injuries sustained therein, and the defendants are his surviving widow, Mrs. Ollie Beth Hammons, and his sole children and heirs, Mrs. Dorothea Hammons Ham, Dolan Hammons and John Cleveland Hammons, Jr., a minor. The widow and heirs named were recognized as such and placed in possession of the estate of the decedent in proper proceedings prior to the institution of this action. The defendants, Mrs. Hammons and her minor son, filed a reconventional demand in this proceeding, alleging damages in the sum of $20,775 for the death of the husband and father, John Cleveland Hammons. The defendant, Dolan Hammons, who was the owner of the Ford car which was being used by his father at the time of the accident, made a reconventional claim for damages in the sum of $700, representing the value of his car, which he alleged had been completely destroyed.
The accident occurred at a point on the gravel highway, which was approximately 22 feet wide, at the rise of a low up-grade and on a slight curve of the road. Plaintiffs alleged that the direct and proximate cause of the accident was the negligence of John Cleveland Hammons, who was operating his car at a speed of 40 to 45 miles per hour on a curve, driving on the wrong side of the road, and not keeping a proper lookout for approaching traffic. Defendants denied these allegations of negligence and asserted the negligence of plaintiff, Mrs. Manley, as the primary cause of the accident in *Page 819 
that she was driving her car at an excessive rate of speed in the neighborhood of 75 miles per hour, failing to keep a proper lookout for traffic, neglecting to keep her car under control, driving from the right to the left side of the road, and failing to take reasonable steps which would have enabled her to avoid the accident. Alternatively, defendants set up contributory negligence of plaintiff, Mrs. Manley, on the same grounds, and further plead the "last clear chance" doctrine.
The only eyewitnesses of the accident, with the exception of the deceased Hammons, were Mrs. Manley and her 10-year-old daughter, Frances, whose testimony was of little value, since she admitted that she was paying no attention to the road at the time of the accident, and, in fact, knew nothing of the occurrences connected therewith.
The voluminous record in this case is principally made up of the testimony of witnesses who came upon the scene of the accident after it occurred, which testimony reflects the observations of the witnesses as to physical facts and circumstances surrounding the accident.
As to the negligence of John Cleveland Hammons in the operation of his car there can be no question. The trial Court found that he was driving on the wrong side of the road, and established his negligence as a proximate cause of the accident. This finding is amply supported by the record.
The Court also found the plaintiff, Mrs. Manley, to be guilty of contributory negligence in that she failed to observe the approach of the Hammons car, and omitted acts which would have avoided the accident. The learned Judge of the District Court found that the combined negligence of Hammons and Mrs. Manley was the cause of the accident, that the negligence of each was the proximate cause of the collision and resulting damages, and that, therefore, both parties being at fault, neither could recover.
It is upon the question of Mrs. Manley's negligence that the only difficulties connected with a determination of this case are involved. The evidence is conflicting and the testimony of witnesses on the part of plaintiffs and defendants is hopelessly irreconcilable. In his detailed written opinion, giving reasons for his judgment, the District Judge analyzed with great care the testimony upon this particular point. His reasons for judgment in support of his findings and conclusions are forcibly set forth. A close review of the record convinces us that his findings were correct.
[1] It is evident that at the time of the accident Mrs. Manley was driving her car on the right side of the road, but very close to the center of said road. There was no obstruction to her view for a distance of some 500 feet, and, even accepting her testimony that she discovered the approach of the Hammons car when it was approximately 300 feet distant, if her speed was no more than the 25 or 30 miles per hour to which she testified, she could have avoided the collision, or, at least, made an effort to this end. While it must be conceded that a person observing the law of the road and proceeding at a reasonable rate of speed on the proper side of the highway is justified in assuming that the driver of a vehicle approaching from the opposite direction will maintain control of his car and obey the law of the road, it is also true that the law imposes certain further obligations, which are that the driver who is proceeding in conformity with the law of the road must take additional precautions if and when he observes, or could observe, that the driver of the approaching vehicle either does not, or cannot, clear the road.
[2] If Mrs. Manley, driving at a speed not exceeding 30 miles per hour, perceived the approaching car at a distance of 300 feet, she was not confronted with an emergency, in view of the findings that the speed of the Hammons car at the time was not excessive. While the gravel portion of the highway at this point was only 22 feet in width, the testimony definitely establishes the fact that there was a shoulder some 2 to 3 feet wide to the right of the road, and, beyond the shoulder, a ditch or drain only a few inches deep.
[3] The Trial Judge availed himself of the opportunity of inspecting the scene of the accident, and he found as a fact that there was nothing to prevent a car traveling at the rate of 25 or 30 miles an hour from turning off of the gravel portion of the highway onto the shoulder, and even into the ditch, without danger to the occupants of such car. As a result, the Court found that the failure of the plaintiff, Mrs. Manley, to keep a proper lookout and to see what she should have seen, and her attendant failure to turn her car to the *Page 820 
right in the effort to avoid the collision, definitely established negligence on her part.
[4] It is earnestly contended on behalf of plaintiffs that a motorist has the right to rely on the assumption that an approaching driver traveling on the wrong side of the road will obey the law and clear a sufficient space of the road for passage, and, further, that the last clear chance doctrine should be applied only in instances where there was something about the actions and conduct of the driver of the approaching vehicle which would indicate that he was unaware of the danger he was creating and would, therefore, be unlikely to change his position. While these principles are substantiated by a number of cases in our jurisprudence, they are not applicable to the case before us. The simple fact that the driver of one of two meeting automobiles, whose combined speed approximates 60 miles per hour, has not cleared the road within a space of 300 feet, in our opinion, should be, in itself, sufficient indication to the driver of the other vehicle that there is immediate danger of a collision. Such a situation imposes upon the blameless driver the necessity of taking every possible precaution which would serve to avoid or prevent such a collision. Drivers of motor vehicles are operators of potentially dangerous instrumentalities and cannot be permitted to substitute assumption for reason, caution and prudent action.
[5] It is well settled that appellate courts will not disturb the findings of lower courts on questions of fact, except in cases of manifest error.
We find no such error in the judgment of the trial Court in this case.
[6, 7] The defendant, Dolan Hammons, owner of the Ford Coupe driven by his father, was in the military service, and, at the time of the accident, was stationed in Ireland. Certainly, he was not concerned with his father's mission, and at the time was exercising no control over the use and operation of his car. For this reason, it clearly follows that any negligence on the part of the father in the operation of the son's car cannot be imputed to the son. Since the drivers of both cars were guilty of negligence, they are liable in solido to the defendant, Dolan Hammons, for damages to his car, sustained in the accident. The trial Judge found the value of Dolan Hammons' car, which was totally destroyed, to be $700, and gave judgment on the reconventional demand of Dolan Hammons against the plaintiffs, in solido, for such sum, with interest and costs. This ruling, under the facts of the case and the law applicable thereto, is clearly correct.
[8] Costs of the District Court were assessed against plaintiffs to the extent of two-thirds of the total thereof, and against the defendants, Mrs. Ollie Beth Hammons and John Cleveland Hammons, Jr., to the extent of one-third. We find that the judgment in this apportionment of costs is erroneous. Of the four defendants, one, Mrs. Dorothea Hammons Ham, made no reconventional demand, and the reconventional demand of the defendant, Dolan Hammons, was sustained. It it therefore evident that neither of these defendants should be taxed with any costs, and that the entire cost should be borne in proper proportions by plaintiffs, whose demands were rejected, and by the two defendants whose reconventional demands were refused. For this reason, it is necessary to amend the judgment appealed from only with reference to the apportionment of costs.
Accordingly, it is ordered that the judgment appealed from be amended by taxing three-fourths of the costs of the lower Court against the plaintiffs, Frank B. Manley and Mrs. Edna Norris Manley, and one-fourth against the defendants, Mrs. Ollie Beth Hammons and John Cleveland Hammons, Jr. As amended, the judgment appealed from is affirmed at appellants' cost.
 *Page 60