GLADNEY, Judge.
Leo Greengus, plaintiff herein, secured a judgment in the City Court of Shreveport, Louisiana, against defendant, Manufacturers Casualty Insurance Company, the insurer of a Chevrolet sedan operated by Mrs. F. D. Nugent. The recovery was for property damage to his delivery truck received in a collision between the automobile and truck in the late afternoon of December 8, 1951, at the intersection of Linwood Avenue and Lucky Street.
Mrs. Nugent was allegedly negligent in attempting to overtake and pass the truck at the street intersection, in overtaking and passing to the left side of the center line without first ascertaining that such passing could be made in safety, and in failing to give a warning signal of her approach, which conduct, it is argued, was in violation of provisions in, the Motor Vehicle Act, particularly LSA-R.S. 32:233.
*612 The action was defended on the ground the proximate causé of the collision and resulting damage to plaintiff’s truck were due to negligent acts of plaintiff’s employee driver, Earl Alexander, in attempting to execute a left turn without giving proper signals therefor, and in failing to maintain a proper lookout to insure the left turn being made in safety. Alternatively, defendant pleads the contributory negligence of plaintiff’s driver as a bar to any recovery herein.
Mrs. Nugent testified she was proceeding northerly , following .the truck at a slow speed along Linwood Avenue, a four-lane thoroughfare, about twenty miles per hour; that nearing the intersection of Lucky Street she- increased her speed, pulled, her car to the left and blew her horn several times in order to pass and that as she was in the act of passing the driver of said truck, Earl Alexander,, without any warning and without ascertaining first if the way was clear, made a sharp left tprn, causing the bumper and left fender of the truck to strike the right side of the Chevrolet car. 'In further explanation' of her maneuver, Mrs. Nugent testified upon oral examination by counsel: “I could not see around it, no; I did not try to see around it; I was just driving along there and I tell you I got tired óf driving along like that and I blowed my horn and I went around.” The two vehicles collided after the truck had passed about two feet to the left of the center line. Mrs. 'Nugent further explained that she was forced to go left of the center line as the tru.ck was occupying a portion of the first arid second lanés to the right’ of the center line.
Clyde Minter, who- accqmpanied the driver of the truck, testified Earl Alexander held out'his hand for the usual signal for a left hand turn, and looked in the rear mirror before turning, and that he; Clyde Minter, did not hear the sound of the horn or observe the approach of the overtaking vehicle. L. C. Richardson stated he was standing near the street intersection' waiting for the truck to pass and observed Alexander make the proper, signál 'before' attempting the left turn. ‘
At the time of the accident Mrs. Nugent was accompanied by her mother, Mrs. Dor-rity. Prior to submission of the case counsel for both sides agreed that testimony of Mrs. Dorrity, if present, would be to the same effect as that of Mrs. Nugent, and that the testimony of Earl Alexander, if present, would be to the same effect as that of Clyde Minter, who was riding on said truck at the time.
Plaintiff bases his right for recovery on violation of sections B, C and E of LSA 32:235. Section B in substance requires the driver of an overtaking vehicle to give audible and sufficient warning of hís intention before passing a vehicle proceeding in the same direction; section C is to the effect that .the driv.er of an overtaking vehicle shall not drive to the left side of the center line in passing unless the left side of the thoroughfare is free from on-coming traffic to permit passing in perfect safety. This section further provides that when an accident occurs under such circumstances the responsibility therefor shall rest prima facie upon the driver of the overtaking or passing vehicle; and section C prohibits a motorist from passing another vehicle proceeding in the same direction at any railroad grade crossing or intersection of the highway.
It is equally important to note that a motorist intending to execute a left turn in ,an intersection is enjoined to first ascertain that the maneuver can be executed safely. See: Electric Delivery System v. Lang Co., La.App., 1952, 61 So.2d 607; Zurich Fire Insurance Co. of N. Y. v. Thomas, La.App., 1950, 49 So.2d 460; Tornabene v. Rau, La.App., 1948, 34 So.2d 655; Martin v. Globe Indemnity Co., La.App., 1953, 64 So.2d 257.
It is not disputed Mrs. Nugent attempted to pass the truck at the intersection and in doing so she drove her automobile to the left of the center line of a four lane street. The evidence is conflicting as to whether either driver gave signals of intent. The trial court observed the demeanor of the witnesses ‘who testified and' - accepted the testimony favorable to plaintiff. After *613 a careful review of the record we find no manifest error in the ruling of which ap^ pellant complains. We are of the opinion that the sole and proximate cause of the accident was the act of Mrs. Nugent in attempting to pass plaintiff’s truck at the intersection. The plea of contributory negligence is without merit.
,For, the reasons above expressed, the judgment from-which appealed is affirmed at appellant’s cost.