71 So.2d 607 (1954)
METZLER
v.
JOHNSON et al.
No. 20202.
Court of Appeal of Louisiana, Orleans.
April 12, 1954.
Terriberry, Young, Rault & Carroll, Joseph M. Rault, Jr., New Orleans, for plaintiff-appellant.
Girard J. Fernandez, New Orleans, for defendants-appellees.
JANVIER, Judge.
The automobile collision from which this litigation has resulted occurred on the upper or inbound roadway of Canal Street near the corner of Bernadotte Street, New Orleans, at about 8:15 P.M., on the night of March 29, 1952.
Canal Street, one of the main thoroughfares of New Orleans, is a wide boulevard, having two vehicular roadways separated by a very wide neutral ground on which there are streetcar tracks. It extends from the Mississippi River on the one end to an intersection with City Park Avenue and Canal Boulevard at the other or Lake end.
Carl P. Metzler, plaintiff, had driven his 1950 Chevrolet Sedan out the lower roadway of Canal Street and, at the intersection of Bernadotte Street, had turned his car to its left and had brought it to a stop on the neutral ground, intending to turn again to his left into the inbound roadway of Canal Street and to then proceed on that side of the street to his residence which was on the upper side of Canal Street. The other car which was involved in the ensuing accident belonged to Ellis Johnson who had loaned it to his brother, Adam Johnson, who was operating it at the time. This car of Johnson was on the inbound roadway of Canal Street, proceeding in the direction of the Mississippi River, and it was approaching the intersection of So. Bernadotte Street when Metzler drove his car from the neutral ground into the roadway. Shortly thereafter the accident occurred, the Johnson *608 car striking the rear of the Metzler car, with the result that that car crashed into other cars which were parked alongside the curb of the upper side of Canal Street.
Metzler, alleging that he had sustained serious physical injuries and that his car had been practically demolished, brought this suit for damages against Ellis Johnson, the owner of the other, and Adam Johnson who was operating it. He prayed for judgment for a total of $19,707.50 of which $15,457.50 represented his physical injuries, medical expenditures, inconvenience, humiliation, loss of earnings, etc., and $4,250 representing damage to his automobile, loss of use thereof and interruption and inconvenience to his business.
Both Ellis Johnson and Adam Johnson answered, denying negligence on the part of Adam Johnson, and averring that the accident had resulted from negligence of Metzler. Ellis Johnson then assumed the position of plaintiff in reconvention and, alleging that the accident had resulted from negligence of Metzler, prayed for judgment against him in the sum of $241, which he alleged represented the cost of repairing his automobile.
In the Civil District Court for the Parish of Orleans there was judgment dismissing the suit of plaintiff, and there was further judgment in faovr of Ellis Johnson, as plaintiff in reconvention, and against Metzler in the sum of $241. From this judgment the matter is now before us on appeal by Metzler.
In his reasons for judgment, the District Judge discussed both the pleadings and the evidence and our appreciation of the facts so completely agrees with his findings that we shall set forth his reasons in full and supplement them only with a discussion of the legal question of whether, because of the negligence of Adam Johnson, the brother of the plaintiff in reconvention, the claim of Ellis Johnson, plaintiff in reconvention, should be dismissed.
The reasons given by the District Judge are now set forth:
"Plaintiff brings this suit against Adam E. Johnson, driver, and Ellis Johnson, owner, of a Chevrolet two-door automobile which was involved in an accident with a Chrysler automobile driven by the plaintiff.
"Plaintiff alleges that on March 29, 1952, in the evening, he was proceeding in his Chrysler automobile on Canal Street, towards the river, at a moderate rate of speed, in the lane of traffic adjacent to the parked automobiles at the right hand side of the street; that as he was so proceeding his car was run into from the rear by an automobile owned by Ellis Johnson, being driven at the time by Adam E. Johnson; that the accident occurred between South Bernedotte and South St. Patrick Streets, on Canal Street; that as a result of his car being so struck it was pushed into a parked automobile at the right hand curb; and that as a result of the accident his Chrysler sedan was wrecked beyond repair and he received personal injuries.
"Plaintiff alleges that the accident was brought about through no fault or negligence on his part, but was caused through the fault and negligence of Adam Johnson, the driver, and Ellis Johnson, the owner, of the Chevrolet automobile, in that the defendant, Adam Johnson, failed to maintain a proper lookout; that he was proceeding at a grossly excessive rate of speed; that he had the last clear chance to avoid the accident; that he was driving in a reckless and careless manner, without regard for the life and safety of others; that he failed to observe the car driven by the plaintiff which was proceeding at a moderate rate of speed on the right hand side of Canal Street; and that he carelessly ran into the back of the plaintiff's Chrysler automobile.
"Plaintiff alleges further that Adam Johnson was the authorized agent of Ellis Johnson; that he was on a mission for Ellis Johnson at the time of the accident; that Ellis Johnson loaned his automobile knowing that *609 Adam Johnson was an incompetent and inexperienced driver and that Ellis Johnson acquiesced in and ratified the negligent acts of his brother, Adam Johnson.
"The defendant states in his answer that the proximate cause of the accident was the gross negligence of the plaintiff, who turned into the roadway of Canal Street at its intersection with So. Bernadotte Street, in the face of on-coming traffic, and failed to yield the right of way to the traffic and to the defendant, Adam Johnson, who was driving on Canal Street in the direction of the river.
"Defendant alleges that the plaintiff was negligent in failing to maintain a proper lookout; in attempting to cross a boulevard street without yielding the right-of-way to approaching vehicles; in failing to maintain his car under proper control; in traveling at an excessive rate of speed; in failing to apply his brakes to avoid the collision when he had the last clear chance, according to the defendant, to avoid: all in violation of City Ordinance 18,202 C.C.S. Defendants plead contributory negligence, alleging the same acts of negligence hereinabove set out, and they reconvene for the sum of $241.00 being the admitted damages to the defendant, Ellis Johnson's automobile.
"The record reveals no proof whatsoever of any relationship of principal and agent between Ellis Johnson and his brother Adam. The record contains no proof that Ellis Johnson loaned his automobile to his brother knowing that he was incompetent to drive an automobile.
"Defendant testified that he was driving in the middle lane of Canal Street at a rate of speed about twenty-five miles per hour, and that the plaintiff, who had been parked in the neutral ground, suddenly and without any warning whatsoever, drove into the roadway of Canal Street and immediately into the path of the automobile driven by him; that he had no time to apply his brakes; that he ran into the right rear of plaintiff's automobile; that the front wheels of his automobile were deflected to the right and that he ran into the parked automobile of a Mr. Clary, which was parked opposite the filling station on the corner of Canal Street, between the two driveways of the filling station, and that the plaintiff proceeded down the street and ran into the automobile of Mr. Gaglione and pushed this automobile into another car which was owned by a man by the name of Mitchell.
"The defendant states that the accident happened at the intersection of South Bernadotte and Canal Streets, whereas the plaintiff maintains that the accident happened some seventy feet or so from the corner, and that he was driving on Canal Street at the time.
"At the time of the accident plaintiff lived at 4617 Canal Street, which is the second dwelling house from the corner. A filling station occupied the corner of South Bernadotte and Canal. Plaintiff's intention was to drive his automobile into his own driveway. He states that he was parked on the neutral ground on Canal Street and that a streetcar approached his automobile and stopped; that he looked to his right and saw that the first automobile approaching from his right was about 150 feet away, near the neutral ground curbing, and that there were other automobiles proceeding to the right of this car and somewhat behind it; that without sounding his horn he pulled out into the roadway of Canal Street and had proceeded some distance from the corner when he saw the lights of an automobile flash in his rear-view mirror, and that at this time, as he expressed it, he `Gave it the gun' and was hit in the rear by the automobile driven by Adam Johnson.
"Throughout his testimony the plaintiff stated that he thought he had *610 enough space to make his turn. Plaintiff never saw the automobile being driven by Adam Johnson at any time until he saw the lights of the car flash in his rear-view mirror. The fact that the accident happened belies the plaintiff's judgment that he had ample time to make his turn.
"The defendant, Ellis Johnson, testified that shortly after the accident the plaintiff told him that he (plaintiff) had misjudged his distance. Although the plaintiff denies this, the court believes it to be the fact. The court believes that the proximate cause of the accident was plaintiff's leaving his place of safety in the neutral ground, misjudging his distance with reference to the on-coming traffic, and driving into the path of defendant's automobile.
"Although defendant, Adam Johnson, testified that he was proceeding at a rate of twenty-five miles an hour, the resulting damages to the rear of plaintiff's automobile are such that this court believes that the defendant, Adam Johnson, was proceeding at a rate of speed in excess of thirty miles per hour, the limit prescribed in the City Ordinance.
"Plaintiff's contributory negligence bars his recovery.
"Ellis Johnson, the owner of the automobile driven by his brother, was in no way responsible for the accident, and as the plaintiff's negligence was the proximate cause of the accident the defendant, plaintiff in reconvention, Ellis Johnson, is entitled to a judgment for the damages to his automobile, $241.00."
Since we are convinced, as was the District Judge, that both drivers were at fault and that had either been careful this accident would not have occurred, the sole question which remains is whether there can be a recovery by Ellis Johnson in view of the fact that his brother, who had borrowed his car and was using it at the time, was guilty of negligence which contributed to the unfortunate result. Counsel for Metzler has strenuously argued that the negligence of his brother, Adam Johnson, should be imputed to Ellis Johnson and that this negligence of Adam Johnson should bar recovery by Ellis Johnson.
Counsel concedes that there is abundant authority for the view that where the owner of a car lends it to someone else and it is being used by the borrower in his own interests, and it is damaged through the joint negligence of the borrower and some third person, the owner may recover from either or both of the joint tortfeasors, but counsel argues that, in the first place, that rule should not apply where the relationship between the owner and the borrower is so close that it is fair to assume that the interests of the borrower were substantially the same as those of the owner, and, in the second place, counsel argues that this well-established doctrine that the negligence of the borrower is not to be imputed to the owner is not based on sound principles of law or of equity and that we should abandon it and hold that it should not be applied here.
Counsel says that in many jurisdictions this rule has been abandoned; that it has never had application in matters of admiralty, and that it is criticized in an article entitled "Imputed Contributory Negligence," XIV L.L.R., page 340.
We are not at all sure that the rule has been abandoned in other jurisdictions and our reading of the article which appears in the Louisiana Law Review does not convince us that the author finds fault with the doctrine when applied to the cases exactly similar to that which is presented here.
The argument that the relationship between the two brothers is so close that it must be assumed that the interests of one are the interests of the other cannot be accepted by us.
Counsel in his brief says:
"* * * Here, there is privity, at least in brotherly relationship, between the negligent driver and the plaintiff in reconvention. * * *"
*611 In Benton v. Griffith, La.App., 184 So. 371, the relationship was that of father and major son, and it was held that this relationship did not make it necessary that the negligence of the operator of the car be imputed to the owner. The father and son relationship also existed in Bituminous Fire & Marine Ins. Co. v. Allen, La.App., 36 So.2d 878, and in Manley v. Hammons, La.App., 20 So.2d 817. In Adam v. English, La.App., 21 So.2d 633, the relationship was that of niece and aunt. In Anderson v. Carrick, La.App., 198 So. 385, the relationship was that of father-in-law and daughter-in-law. See, also, Emmco Insurance Co. v. Savoy, La.App., 71 So.2d 573.
We conclude that whatever may be the rule in other jurisdictions and whatever may be the rule in admiralty, it is well settled here that the negligence of the borrower is not to be imputed to the owner unless the borrower is using the car in the interest of the owner or as his agent or employee.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.