On Application for Rehearing.
PER CURIAM.
Counsel for defendant-appellee earnestly insists that the present case is governed' by Manley v. Hammons, La.App. 2 Cir., 20 So.2d 817. The cited case, where the oncoming motorist entered the opposing lane some 300'' distant from the other vehicle, is distinguished from the present case, where the oncoming motorist entered the opposing lane upon which plaintiff’s-driver was proceeding in the latter’s immediate path (just 50' therefrom, or — at 24 mph, i.e., 36.5' — D/á seconds), creating a sudden emergency by this negligent act.
In the Manley case it was specifically held that there was sufficient time and opportunity at the speeds of the vehicles-concerned to observe the oncoming driver’s continued approach on the wrong side of the road, so that the other driver defaulted in the “further obligation” imposed by the law “that the driver who is proceeding in conformity with the law of the road must take additional precautions if and when he observes, or could observe, that the driver of the approaching vehicle either does not, or cannot, clear the road,” 20 So.2d 819. This is not the present situation.
It has also been called to our attention that our decree affirming the judgment of the lower court as to Everett Sidney Lyons,. *754 the defendant-appellee, may be considered ambiguous. By this, we affirmed the District Court’s judgment insofar as it held defendant-appellee’s negligence a proximate cause of the accident.
Rehearing denied.