REGAN, Judge.
Plaintiffs, Fernand J. Oehmichen, Jr. and his subrogee insurer, Motors Insurance Corporation, instituted this.suit against the defendant, Albert A. Freeman, endeavoring to recover the sum of $429.50, representing property damage sustained on November 28, 1953, at about 12:10 a. m. as the result of an intersectional collision in Canal and Burgundy Streets, between a 1947 Packard automobile owned by Oehmichen but operated by Mrs. Pearl Thompson and Freeman’s 1941 Cadillac coupe.
Defendant answered and admitted the occurrence of the accident, but asserted that the proximate cause thereof was the negligence of the operator of Oehmichen’s automobile and, in the alternative pleaded the doctrine of last clear chance and the contributory negligence of Mrs. Thompson, which, he contends, is imputed by law to Oehmichen. Defendant then reconvened, claiming the sum of $631.96, representing property damage to his automobile, loss of wages, and medical expenses.
From a judgment dismissing both the main and the reconventional demands, the plaintiff has prosecuted this appeal. Defendant has neither appealed nor answered the appeal; hence the reconventional demand is not posed for our consideration.
The trial judge obviously found as a fact that this accident occurred in the intersection of Canal and Burgundy Streets in the City of New Orleans and that Mrs. Thompson, the operator of Oehmichen’s automobile, and the defendant, Freeman, were • each guilty of negligence. We have carefully examined the record and are in accord with the foregoing factual conclusion reached by the court below. However, on appeal counsel for plaintiffs has directed 'our attention to the fact that there is no proof contained in the record of any agency or employer-employee relationship existing between Oehmichen and Mrs. Thompson, but diametrically opposed thereto is evidence to the effect that when the accident occurred Mrs. Thompson was on a mission of her own.
The record amply sustains the assertion that Mrs. Thompson was on a mission of her own when the accident occurred. Therefore, the only question which the pleadings and the facts in this case pose for our consideration is one of law and that is: May the negligence of Mrs. Thompson be imputed to Oehmichen and thus prevent recovery by Oehmichen and his insurer for damages sustained by his car ?
It is well settled that in the absence of proof of an agency relationship the owner of an automobile may recover for damages sustained by it in an accident to which the negligence of the operator thereof contributed. Metzler v. Johnson and Johnson, La.App.1954, 71 So.2d 607; Emmco Insurance Company v. Savoy, La.App.1954, 71 So.2d 573; Bituminous Fire & Marine Insurance Co. v. Allen, La.App. 1948, 36 So.2d 878; Manley v. Hammons, La.App.1944, 20 So.2d 817. Mrs. Thompson was guilty of negligence, but her negligence can not be imputed to Oehmichen or his insurer, since she was operating the car to serve her own interests and was not engaged upon a mission for Oehmichen either as agent or employee.
The record indicates that the damages sustained by Oehmichen’s automobile amounted to $429.50. However, these damages were not adequately proven, and we are therefore of the opinion that the ends of justice will best be served by remanding this matter for the restricted purpose of affording plaintiffs an opportunity to prove *442 the exact amount of damages incurred by Oehmichen’s automobile.
For the reasons assigned the judgment appealed from insofar as it dismissed the main demand is annulled, avoided and reversed; and it is now ordered that this cause be remanded to the First City Court of New Orleans for further proceedings according to law and not inconsistent with the views herein expressed. In all other respects the judgment appealed from is affirmed.
Affirmed in part, reversed and remanded in part.