REGAN, Judge.
Plaintiffs, Roy J. Gautreaux and his collision insurer, Employers Casualty Company, instituted this suit against the defendant, Maitland J. Faucheaux, endeavoring to recover property damages in the respective amounts of $50 and $141.43, which resulted from a collision on September 10, 1954, at approximately 10 p. m. in the intersection of Louisiana Highway No. 1 (River Road) and a road servicing the Gabriel Heights subdivision at which point the-defendant drove into the left rear portion of the Gautreaux automobile operated by John J. Giglio, as the latter was attempting to execute a left turn.
Defendant answered and generally denied liability, asserting that the accident was caused solely by the negligence of the driver of plaintiff’s vehicle and in the alternative pleaded the contributory negligence of the operator thereof.
From a judgment in favor of the defendant dismissing plaintiffs’ suit, they have prosecuted this appeal.
When this case was called for trial the defendant pleaded the exception of ratione materiae and asserted that this court was without jurisdiction to hear part of this case and in explanation thereof stated that since the plaintiffs chose to separate their causes of action there were actually before this court two distinct claims, one instituted by plaintiff’s collision insurer endeavoring to recover the sum of $141.43 and the other in the amount of $50 brought by Roy J. Gau-treaux, the owner of the car. To substantiate this conclusion the defendant points, to Article 7, Section 29 of the LSA-Constitution which reads:
“The Courts of Appeal, except as otherwise provided in this Constitution, shall have appellate jurisdiction only, which jurisdiction shall extend to all cases, civil and probate, of which the Civil District Court for the Parish of Orleans, or the District Courts throughout the State, have exclusive original jurisdiction, regardless of the amount involved, or concurrent jurisdiction exceeding one hundred dollars, exclusive of interest, and of which the Supreme Court is not given jurisdiction, except as otherwise provided in this Constitution, and all appeals shall be both upon the law and the facts.”
We find no merit in this exception. This is obviously one claim in the total amount of $191.43 growing out of the same cause *539 of action, and we are simply requested to order the proceeds, if any, emanating therefrom divided between the two interested party plaintiffs in conformity with the terms of their contract of insurance. While the contract of insurance is not in evidence, all of the litigants have agreed that the contract of insurance which exists between the plaintiff and his insurer provides that the first $50 of damages incurred shall be paid by the owner of the vehicle and the balance if any shall be paid by his insurer.
The record reveals that on the night of the accident Giglio, who was fifteen years of age, but who was authorized to operate a motor vehicle by virtue of the issuance to him of a driver’s license, had borrowed the Gautreaux automobile in order to facilitate his attendance at a football game, and on his way home therefrom, accompanied by Lawrence J. Massino, he drove toward New Orleans on the River Road; when he reached the intersecting road which services the Gabriel Heights subdivision, he came to a stop and then attempted to make a left turn from the highway into Gabriel Heights, at which time the defendant drove into the rear portion of the Gautreaux vehicle.
In explanation of the foregoing, Giglio testified that as he approached the road into which he intended to drive from the highway, he turned the left directional signal light on and came to a complete stop. There were several cars following him, and when they too came to a stop behind him, he proceeded to execute the turn; when he was about halfway across the left or passing lane of the highway, his vehicle was hit from the rear by the defendant. The Gautreaux car was spun around and came to rest off the Gabriel Heights road, facing Baton Rouge. In substance, his testimony was corroborated by Massino, a passenger in the Gautreaux automobile.
The defendant, on the other hand, testified that he was driving at a speed of approximately forty miles per hour toward New Orleans in the River Road and had passed one car about 300 feet before reaching the Gautreaux vehicle; that there were no cars stopped behind the Gautreaux vehicle, nor did he see any mechanical directional signal light indicating that the Gautreaux car intended to execute a left turn into the intersecting roadway. The defendant stated that he sounded his horn, and blinked his lights as he drove in the left or passing lane, since he intended to overtake the Gautreaux car, but when he was approximately thirty feet from it, this vehicle moved into the left lane in front of him at a moment when it was too late for him to avoid colliding with it; the left front portion of his car struck the left rear of the Gautreaux car. Loland Badeaux, a passenger in the defendant’s automobile, likewise substantially corroborated defendant’s testimony.
The foregoing testimony, as usual, reveals that the respective operators of the vehicles involved in the collision have each charged that the other’s negligence was the proximate cause of the accident. Our analysis of the record causes us to conclude that this accident occurred in the intesection of River Road and the road servicing the Gabriel Heights subdivision and that Giglio, the operator of plaintiff Gautreaux’ automobile, and the defendant were each guilty of concurring negligence. Giglio’s negligence consisted of his endeavor to execute a left turn when simple cognizance of congested traffic conditions following the termination of the football game would have disclosed that the maneuver was unsafe because of the proximity of defendant’s vehicle. We have repeatedly expressed the opinion that a motorist endeavoring to execute a left turn must initially ascertain by careful observation that the maneuver can be executed safely.
On the other hand, the defendant was negligent in violating a positive rule of the road, a legislative mandate[1] if you will, which provides that;
*540 “The driver of a vehicle shall not, under any circumstances, overtake or pass another vehicle proceeding in the same direction at * * * any intersection of the highway * *
The amount of property damage incurred by the Gautreaux vehicle is not disputed, and the record amply sustains the assertion that Giglio, who had borrowed the car from its owner, Gautreaux, was on a mission of his own when the accident occurred; in fact, evidence to this effect stands uncon-tradicted in the record. Therefore, the only question which the pleadings and the facts in this case have posed for our consideration is one of law; and that is may the negligence of Giglio be imputed to Gautreaux and thus prevent recovery by Gautreaux and his insurer for damages sustained by his car as the result of the accident?
It is well settled that in the absence of proof of an agency relationship, the owner of an automobile may recover for damages sustained by it in an accident to which the negligence of the operator contributed.[2] Giglio was guilty of negligence, but his negligence cannot be imputed to Gautreaux or his insurer, since he was operating the car to serve his own interest and was not engaged upon a mission for Gau-treaux either as an agent or employee. In a relatively recent case [3] the author hereof remarked that he was “not satisfied with the equity of the result which we have reached herein, nevertheless, the existing jurisprudence compels him to arrive at the foregoing conclusion.”[4]
For the reasons assigned the judgment appealed from in favor of defendant and against plaintiffs dismissing their respective demands is reversed, and it is now ordered that there be judgment herein in favor of plaintiffs and against defendant in the amount of $191.43.
Reversed.

. LSA-R.S. 32:233, subd. E.

.Metzler v. Johnson, La.App.1954, 71 So. 2d 607; Emmco Insurance Company v. Savoy, La.App.1954, 71 So.2d 573; Bituminous Eire & Marine Insurance Co. v. Allen, La.App.1948, 36 So.2d 878; Manley v. Hammons, La.App.1944, 20 So.2d 817.

. Emmco Insurance Company v. Savoy, La.App.1954, 71 So.2d 573, 574.

. See James, Imputed Contributory Negligence, XIV La.L.Rev. 340 (1954).