REGAN, Judge.
Plaintiff, Sim Luke Domingue, instituted this suit against The American Automobile Insurance Company of St. Louis, Missouri, the liability insurer of Oscar Gervais, endeavoring to recover property damages in the amount of $583.06, incurred when plaintiff’s automobile, operated by his twenty-two year-old son, collided with the Gervais vehicle in Fourth Street, West-wego, Louisiana, on November 24, 1956, at 1:35 a. m.
Defendant answered and admitted the occurrence of the accident but denied that it resulted from the negligence of its insured or that plaintiff was the owner of the automobile damaged in the collision, and in the alternative pleaded the contributory negligence of the operator of plaintiff’s car and the imputation of his negligence to the plaintiff.
From a judgment in favor of plaintiff in the sum of $583.06, defendant has prosecuted this appeal.
The accident which is the subject matter of this suit occurred in the Parish of Jefferson in Fourth Street between Westwego and Gretna, Lousiana.
Gervais, the defendant’s insured, testified that before entering Fourth Street from the site of a filling station which was located on the left or river side of the street, he carefully looked in both directions and observed no automobiles approaching. He then entered the wrong traffic lane of Fourth Street and drove approximately sixty feet when his vehicle was struck on the right side by plaintiff’s automobile which was moving in the same direction. In explanation of the fact that he was driving against traffic on the wrong side of the street, Gervais asserted that he intended driving in Fourth Street for approximately 110 feet and then planned to execute a left turn into Avenue G. In conclusion he insisted that since the right traffic lane of Fourth Street was unobstructed, plaintiff’s vehicle could have safely passed him, and thus the collision would have been avoided.
The operator of plaintiff’s vehicle did not testify, and no reason appears in the record *530 in explanation thereof. In any event, plaintiff, the father of the operator and owner of the vehicle, arrived at the scene of the accident about one-half hour after it occurred. He asserted that skid and water marks in the street revealed that the accident occurred in front of the service station from which Gervais had driven into the right traffic lane and that as a result of the collision the front of his vehicle and the right side of Gervais’ vehicle were damaged.
The amount of damages incurred by plaintiff’s vehicle is not in dispute since the litigants have stipulated them to be $583.06.
Despite the fact that the defendant pleaded that the negligence of the operator of plaintiff’s vehicle was imputable to him, the record is devoid of any evidence that would indicate that the operator was an agent or an employee of the plaintiff at the time that the accident occurred. The record leaves us with the impression that he was on a mission of his own.
The foregoing elucidation reveals that, principally, questions of fact were posed for the trial court’s consideration. The judge thereof obviously did not believe the incredible account of the accident as related by Gervais but accepted plaintiff’s testimony relative to the situs of the accident — that is, that it occurred in front of the filling station in the right, rather than the left traffic lane of Fourth Street; and the physical damages incurred by the respective vehicles appear to corroborate this finding of fact. The trial court therefore concluded that the plaintiff was free of any negligence that contributed to the accident and that the proximate cause thereof was the negligence of Gervais in driving his vehicle directly into the path of plaintiff’s vehicle.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant reversal by us. We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ versions of the manner in which the accident occurred. Although the operator of plaintiff’s vehicle did not appear as a witness, the trial judge accepted the plaintiff’s version thereof predicated to a large extent on the physical facts surrounding the accident, and our analysis of the whole tenor of the record convinces us that the evidence preponderates in his favor, and the judgment is therefore correct.
Assuming arguendo that the trial judge had found that the respective operators of the vehicles were guilty of concurring negligence which caused the accident, the • plaintiff could still recover for the property damages incurred by his vehicle since it is well settled that in the absence of proof of an agency relationship the owner of an automobile may recover for damages sustained by it in an accident to which the negligence of the operator contributed.[1]
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Metzler v. Johnson and Johnson, La.App.1954, 71 So.2d 607; Emmco Insurance Company v. Savoy, La.App.1954, 71 So. 2d 573; Bituminous Fire & Marine Insurance Co. v. Allen, La.App.1948, 36 So.2d 878.