LOTTINGER, Judge.
This is a suit for property damages sustained as the result of an automobile collision which occurred in the city of Coving-ton, Louisiana, on November 21, 1958. The plaintiff insurer seeks the sum of $778.38 and its insured the amount of $50 being the sums expended by them respectively as a result of the accident. The matter is before us on an appeal taken by the plaintiffs from a judgment of the Lower Court dismissing their suit.
The accident occurred at the “T” intersection of Hornsby Street and Lee Road as the Husser vehicle made a left turn from Hornsby Street and met the defendant’s vehicle which was traveling south on Lee Road. The Plaintiff Husser testified that he was in Korea on the day of the accident and thus had no personal knowledge of the facts surrounding its occurrence.
Frank James Jenkins, Husser’s brother-in-law, testified that he was driving the latter’s car just before the accident en-route to pick up his brother who was to go to work with him. He stated that as he approached the intersection he stopped, looked and, seeing no approaching traffic, made a left turn onto the Lee Road, and that when he had almost completely straightened out in the northbound lane he was hit “nearly head on” by the defendant Sharp. He stated further that the weather was clear and that there was nothing to prevent his seeing Sharp. He admitted that he did not see Sharp until after he had hit him.
The defendant Sharp testified that he was only 40 or 50 feet from Jenkins where the latter turned onto the Lee Road in front of him. He stated that he did not have time to stop and turned to the left in an effort to get around him. He admitted that he was traveling about 40 miles per hour.
W. W. Blackwell; city patrolman, testified that he investigated the accident. He stated that he found skidmarks from the Sharp car which measured approximately 100 feet and that the speed limit at that intersection at the time of the accident was 25 miles per hour.
From the above and foregoing it is clear that both drivers were guilty of negligence proximately contributing to the accident. Jenkins was negligent in not seeing the Sharp car and Sharp was negligent in proceeding at an excessive rate. In order to leave skidmarks approximately 100 feet ing the Sharp car and Sharp was egligent at a greater distance, and, had he been proceeding at a lawful rate, could have stopped and avoided the accident.
We assume that the trial judge was likewise of the opinion that both drivers were negligent but imputed the negligence of Jenkins to Husser and thus denied recovery. It is well settled, however, that in the absence of proof of an agency relationship, the owner of an automobile and his insurer may recover damages sustained by it in an accident to which the negligence of its operator contributed. See Gautreaux v. Faucheaux, La.App., 105 So.2d 537. There is no proof in this record whatever of any agency relationship existing between Husser and Jenkins and, therefore, recovery cannot be denied the former and his insurer.
Counsel for defendant reurges before us his exception of no right or cause of action, overruled by the Lower Court, based on the absence of an allegation to the effect *59 that plaintiff insurer is the subrogee of Husser. The petition, however, recites that as a result of the collision the Husser car was damaged to the extent of $828.38 of which the insurer, under its contract, paid $778.38. These allegations were proved and, therefore, under the jurisprudence the insurer has a right of action without the execution of a conventional subrogation. See Lumber Mutual Fire Insurance Company v. Kemp, La.App., 102 So.2d 248 and cases therein cited.
For the reasons assigned the judgment appealed from is reversed and it is now or■dered, adjudged and decreed that there be judgment in favor of the plaintiff, Emmco Insurance Company and against the defendant, Calvin R. Sharp, in the amount of :$778.38, and, further, that there be judgment in favor of plaintiff, Thomas E. Hus-■ser, and against the defendant Calvin R. Sharp in the sum of $50 together with legal interest from date of judicial demand and .all costs, including those of this appeal.
Judgment reversed and rendered.
JONES, Judge, recused.