HOOD, Judge.
This is a damage suit instituted by North River Insurance Company against Allstate Insurance Company, arising out of a motor vehicle collision between an automobile, owned by Minos Guidry and being driven by his 22 year old daughter, Mrs. Etta Rae Langlinais, and a truck being driven by Willie Racca. Plaintiff was the collision insurer of the Guidry automobile at the time of the accident, and in compliance with its obligations under that policy it paid to Guidry the amount of the damages to his automobile, less $50 which was the deductible under the policy. Plaintiff accordingly is subrogated to the rights of the owner of that vehicle for the amount paid, which is the amount claimed in this suit. Defendant was the public liability and property damage insurer of the truck. After trial of the case on its merits the trial court rendered judgment in favor of defendant rejecting plaintiff’s demands, and plaintiff has appealed from that judgment.
The accident occurred about 5:00 P.M. on January 3, 1960, on U. S. Highway 167, about seven miles south of the City of Lafayette, in Lafayette Parish. The highway at that point is hardsurfaced, and at the time of the accident it was daylight, the weather was clear and the road was dry.
Just prior to the time the collision occurred, Mrs. Langlinais was driving her father’s automobile in a southerly direction immediately behind the Racca truck, which was also being driven in that direction. Mrs. Langlinais pulled her car into the left lane of traffic for the purpose of overtaking and passing the truck, and while she was engaged in this passing maneuver the driver of the truck made a left turn into a private driveway. A collision between the two vehicles then occurred, the right front portion of the automobile striking the left side of the truck.
The only testimony presented relating to the manner in which the accident occurred was that of the driver of the automobile, the driver of the truck, and of Mrs. Racca, who was a passenger in the truck being driven by her husband at the time of the accident.
Mrs. Langlinais testified that when she reached a point about 60 or 75 feet behind the truck she pulled into the left (or passing) lane of traffic in order to overtake and pass it. While in this lane and after reaching a point about one car length behind the truck, she testified that the driver of the truck then held out his left hand, indicating that he intended to make a left turn, and immediately thereafter he turned to his left directly in the path of her car. She stated that she applied her brakes immediately after Racca indicated that he intended to turn to his left, but that she was not able to avoid an accident. She stated that she was driving 55 or 60 miles per hour at the time she attempted to pass the truck, that she did not see Racca give any signal indicating that he intended to make a left *92 turn before she reached a point one car length behind him, and that she did not sound her horn at any time before the collision occurred.
Racca testified that he was driving about 20 or 25 miles per hour as he approached the private driveway into which he intended to turn, that when he reached a point about 300 feet from the driveway he extended his left hand indicating that he intended to make a left turn, that he kept his arm extended until he got to the driveway and made the turn, and that he had reduced his speed to 10 or 15 miles per hour by the time he reached the point where he attempted to negotiate the turn. He stated that the Langlinais car was about 1,000 feet behind him when he first gave the left turn signal.
The testimony of Mrs. Racca confirms that given by her husband, except that she stated that Racca withdrew his arm from its extended position just as he made the turn.
Under these facts, the trial court concluded that both parties were negligent, and that the negligence of each was a proximate and contributing cause of the accident. Since the driver of the automobile insured by plaintiff was found to be contributorily negligent, the trial court rejected plaintiff’s demands.
The jurisprudence in this State is settled to the effect that the driver of a motor vehicle who attempts to make a left turn on a public highway must ascertain before doing so that the turn can be made in safety. It is not sufficient that he merely hold out his hand, signalling that he intends to make a left turn, but he should look before turning to see first if such movement can reasonably be made in safety. LSA-R.S. 32:236, Subdiv. A; Leonard v. Holmes & Barnes, Ltd., 232 La. 229, 94 So.2d 241; Washington Fire & Marine Ins. Co. v. Fireman’s Ins. Co., 232 La. 379, 94 So.2d 295; Johnson v. Wilson, 239 La. 390, 118 So.2d 450; Jenkins v. Fidelity & Casualty Co. of N. Y., La.App. 1 Cir., 92 So.2d 120; Johnson v. Southern Farm Bureau Casualty Ins. Co., La.App. 3 Cir., 124 So.2d 331.
In the instant suit we conclude, as. did the trial judge, that Racca was negligent in turning to his left on a public highway without first determining whether such a movement could reasonably be made in safety. While it is true that he gave a hand, signal of his intention to make a left turn a substantial distance before he reached the place where the turn was to be made, the evidence also establishes that the approaching vehicle was only one car length behind him and in the left (or passing) lane at the time the turn was actually made.. Under those circumstances we think that it was not sufficient for him to merely give a left turn signal, but he should have looked again before actually making the turn tO' determine whether such a maneuver could be made in safety. In our opinion his negligence in that respect was a proximate-cause of the accident. See Hornosky v. United Gas Pipe Line Company, La.App. 4 Cir., 127 So.2d 287; and Bordelon v. Audubon Ins. Co., La.App. 1 Cir., 116 So.2d 148; Johnson v. Wilson, supra; Jenkins v. Fidelity and Casualty Co. of N. Y., supra; Johnson v. Southern Farm Bureau Casualty Ins. Co., supra.
The trial court further held, however, that Mrs. Langlinais was negligent and that her negligence was a contributing cause of the accident barring plaintiff from recovery. Counsel for plaintiff contends that the trial court erred (1) in finding that Mrs. Lang-linais was contributorily negligent, and (2) in imputing any negligence on the part of Mrs. Langlinais to the owner of the car or to plaintiff-insurer.
The jurisprudence in this state is settled to the effect that, in the absence of proof of an agency relationship between the owner and the driver, the owner of an automobile (and his collision insurer, as sub-rogee) may recover damages sustained by them in an accident to which the negligence of the operator of the vehicle contributed. Gautreaux v. Faucheaux, La.App.Orleans, 105 So.2d 537; Metzler v. Johnson, La.App.Orleans, 71 So.2d 607; Oehmichen v. Freeman, La.App.Orleans, 97 So.2d 440; Dom *93 ingue v. American Automobile Ins. Co., La.App.Orleans, 102 So.2d 528; Hinkle v. Digby, La.App.Orleans, 118 So.2d 902; Emmco Ins. Co. v. Sharp, La.App. 1 Cir., 126 So.2d 57.
In Metzler v. Johnson, supra [71 So.2d 611], for instance, the court said:
“We conclude that whatever may be the rule in other jurisdictions and whatever may be the rule in admiralty, it is well settled here that the negligence of the borrower is not to be imputed to the owner unless the borrower is using the car in the interest of the owner or as his agent or employee.”
Also, in Gautreaux v. Faucheaux, supra [105 So.2d 540], where a similar issue was presented, the court said:
“It is well settled that in the absence of proof of an agency relationship, the owner of an automobile may recover for damages sustained by it in an accident to which the negligence of the operator contributed. Giglio was guilty of negligence, but his negligence cannot be imputed to Gautreaux or his insurer, since he was operating the car to serve his own interest and was not engaged upon a mission for Gautreaux either as an agent or employee.”
In the instant suit no evidence was presented tending to show an agency relationship between Mrs. Langlinais, the driver of the automobile insured by plaintiff, and her father, the owner of that vehicle. Defendant specially pleads contributory negligence in defense of this demand, and the burden of proof rests upon it to prove the facts upon which this special defense is based. In our opinion, the burden of proof rests upon defendant to prove not only that Mrs. Langlinais was negligent, but also that an agency relationship existed between her and the owner of the automobile which she was driving. Oehmichen v. Freeman, supra; Pitre v. Peltier, La.App. 1 Cir., 122 So.2d 867. Unless this agency relationship is established, any negligence on the part of Mrs. Langlinais cannot be imputed to the owner of the car she was driving or to plaintiff, as the subrogee of the owner.
Counsel for defendant contends, however, that the facts relating to the issue of whether Mrs. Langlinais was acting as agent for her father at the time the accident occurred were peculiarly within the knowledge of the daughter and her father, and proof of those facts accordingly was not available to defendant. It is argued that for that reason the failure of plaintiff to present evidence establishing that such a relationship did not exist justifies a presumption that the driver of the automobile was acting as agent for her father. Counsel points out that Minos Guidry, the owner of the automobile, was subpoenaed as a witness and was available to plaintiff, but he was not called. As we understand this argument, defendant contends that in cases such as this where there is a family relationship between the owner and the driver, or where the facts as to whether the driver was actually acting as agent for the owner are peculiarly within the knowledge of those parties, then there should be a presumption that an agency relationship does exist, and the burden of proof should rest on the owner or driver to prove that there was no such agency.
The courts have repeatedly held, however, that the driver will not be presumed to be the agent of the owner of a vehicle simply because the parties are close blood relatives. In Metzler v. Johnson, supra, it was held that no such presumption applied in a case where defendant loaned his automobile to his brother. In Anderson v. Carrick, La.App. 1 Cir., 198 So. 385, the negligence of the driver was not imputed to her mother-in-law, who was the owner of the vehicle. In Benton v. Griffith, La.App. 1 Cir., 184 So. 371, where an automobile was being driven by the owner’s major son, who. lived in the home with his father and mother and who was using his father’s car with his implied consent, the court held that the negligence of the son could not be imputed to the father in the absence of *94 proof of an agency relationship. See also Manley v. Hammons, La.App. 2 Cir., 20 So.2d 817; Adam v. English, La.App.Orleans, 21 So.2d 633; Bituminous Fire & Marine Ins. Co. v. Allen, La.App. 1 Cir., 36 So.2d 878; Emmco Ins. Co. v. Savoy, La.App.Orleans, 71 So.2d 573.
No authorities have been pointed out to us, and we have been unable to find any, which support the argument that an agency relationship between the owner and the driver is presumed simply because the facts relating to that issue are peculiarly within the knowledge of those two parties. Nor do we know of any authority for the contention that the failure of plaintiff in this case to call the owner of the automobile as a witness justifies a presumption that the testimony of such owner would be unfavorable to plaintiff and a presumption that the driver was acting as the owner’s agent at the time of the accident.
Since no evidence has been produced tending to establish that Mrs. Lang-linais was acting as the agent or employee of her father, or that she was on a mission for him, we conclude that her negligence, if any, cannot be imputed to her father or his collision insurer.
Plaintiff has established that the driver of the Racca truck was negligent and that his negligence was a proximate cause of the accident. Since the alleged negligence of the driver of the Guidry automobile cannot be imputed to plaintiff, we conclude that plaintiff is entitled to recover from defendant the damages sustained by it as a result of this accident.
The parties have stipulated that at the time of the accident plaintiff was the collision insurer of the Guidry vehicle, and that following the accident it paid to Guidry the sum of $513.87 in compliance with its obligations under the policy which was then in effect. No issue appears to be raised by counsel as to quantum, and accordingly we conclude that plaintiff is entitled to judgment against defendant for the amount which it paid to its insured.
For the reasons herein set out, therefore, the judgment of the trial court is reversed, and it is hereby ordered, adjudged and decreed that judgment be rendered in favor of plaintiff, North River Insurance Company, and against Allstate Insurance Company, for the principal sum of $513.87, with legal interest thereon from date of judicial demand until paid, and for all costs of this suit, including the costs of this appeal.
Reversed and rendered.
On Application for Rehearing.
En Banc. Rehearing denied.