HOOD, Judge.
This is a damage suit arising out of a motor vehicle collision which occurred on December 22, 1958, in Natchitoches Parish. One of the vehicles involved in this collision was an automobile owned by Ronald C. Martin and being driven by his wife, Mrs. Sue Martin, and the other vehicle was a panel truck owned by George W. Foshee Lumber Company, Inc., and being driven by an employee of that company named Jessie Carter. The suit was instituted by Ronald C. Martin and his collision insurer, Southern Farm Bureau Casualty Insurance Company, against George W. Foshee Lumber Company, Inc., and Jessie Carter. After the trial of the case, judgment was rendered in favor of plaintiffs and against defendants for the amount claimed, and defendants have appealed from that judgment.
The evidence establishes that a collision between the Martin automobile and the Foshee Lumber Company truck occurred about 5:20 P.M. on U. S. Highway 1, about one mile north of the City of Natchi-toches, Louisiana. The highway at that point is a straight, blacktopped thoroughfare, the hard surfaced portion of the highway being about 24 feet in width. The collision occurred at a point where this highway was intersected by a road which led into the Foshee Lumber Company mill located on the east side of U. S. Highway 1. It had been raining prior to the accident, and the highway was wet. The accident occurred about dusk, but visibility was good for a distance of two-tenths of a mile south of the point of impact.
Just prior to the collision, Mrs. Martin was driving her husband’s car in a northerly direction along this highway and as she approached its intersection with the road which led to the lumber mill she saw the Foshee panel truck parked on the west shoulder of the highway, facing south. Before she reached the. truck, however, the .driver started it forward and then turned sharply to his left to enter the road leading to the mill. The truck turned and crossed the highway directly in the path of the Martin car, and the collision occurred when the front wheels of the truck were on the east shoulder and the back wheels were on the hardsurfaced portion of the highway. The right front part of the Martin automobile struck the right rear wheel of the truck, the point of impact being in the east or northbound lane of traffic.
Mrs. Martin testified, that she saw the truck parked on the west shoulder of the road a considerable distance before she reached it, and that the driver of the truck did not start it and turn in front of her until she was so close to the truck that she was unable to bring her car to a stop before the collision occurred. She stated that she applied her brakes as soon as the truck started across the highway, causing her car to skid to the point of impact.
Jessie Carter, the 76-year old colored man who was driving the truck, testified that he had parked on the west shoulder of the highway because his employer had instructed him to do so before entering the mill, and that while so parked he looked in both directions but did not see the Martin car or any other vehicles approaching before he started the truck and turned to his left to cross the highway. He says, in fact, that he did not see the Martin car at any time until a moment before the collision occurred. He states that he gave a hand signal of his intention to turn to his left before starting the truck, but this is denied by plaintiff and his wife.
We think the evidence establishes that the Martin car was being driven at a speed of approximately 45 miles per hour as it approached the scene of the accident and before Mrs. Martin first observed the danger and applied her brakes. The speed limit at that point was 60 miles per hour, and in our opinion Mrs. Martin was driving at a .reasonable, speed. The speed of the car. apparently was . reduced consider *118 ably after the brakes were applied because both vehicles came to rest within a few feet of the point of impact. The Foshee truck was moving at a very slow rate of speed as it started across the highway.
The evidence convinces us, as it did the trial judge, that the driver of the truck made a left turn in the path of the oncoming Martin car at a time when it was impossible for Mrs. Martin to avoid the accident. We are convinced that Mrs. Martin was maintaining a proper lookout and that she exercised reasonable care in endeavoring to bring her car to a stop as soon as it became apparent that the driver of the truck intended to cross the highway in front of her.
 The law provides that the driver of any vehicle on the highways of this State shall “not attempt to make a turn unless the way is clear.” LSA-R.S. 32:-235, subd. A. Under the well-settled law of this State the driver of a motor vehicle who attempts to make a left turn on a public highway must ascertain before doing so that the turn can be made in safety. Also, a motorist intending to make a left turn on a public highway must not be content with merely holding out his arm signaling that he intends to do so, but he should look before turning to see if such movement can reasonably be made in safety. Hoffpauir v. Southern Farm Bureau Casualty Ins. Co., La.App. 3 Cir., 124 So.2d 409; North River Ins. Co. v. Allstate Ins. Co., La.App. 3 Cir., 132 So. 2d 90; Leonard v. Holmes & Barnes, Ltd., 232 La. 229, 94 So.2d 241; Washington Fire & Marine Ins. Co. v. Fireman’s Ins. Co., 232 La. 379, 94 So.2d 295; Johnson v. Wilson, 239 La. 390, 118 So.2d 450; Jenkins v. Fidelity & Casualty Co. of N. Y., La.App. 1 Cir., 92 So.2d 120; Johnson v. Southern Farm Bureau Casualty Ins. Co., La.App. 3 Cir., 124 So.2d 331.
We conclude that the sole proximate cause of the accident in this case was the negligence of Carter,, the driver of the Foshee truck, in making a left hand turn across the highway in the path of the oncoming Martin car, without first ascertaining that such a turn could not be made in safety. We also are convinced that Mrs. Martin was free from contributory negligence, and that she did not have the last clear chance to avoid the accident. Defendants, therefore, are liable in solido for the damages occasioned by Carter’s negligence.
The evidence establishes that the damages to the Martin automobile amounted to the sum of $417.96, of which amount plaintiff Martin paid $50.00, and the collision insurer paid the balance. Upon payment of this .remaining balance, the insurer obtained from Martin a conventional subro-gation, by which Martin assigned to his insurer the right of action which he had against “George Foshee” for the damage sustained as a result of this accident.
Counsel for defendants points out that George Foshee was not the owner of the truck and is not a party to this suit. He argues, therefore, that Southern Farm Bureau Casualty Insurance Company is not entitled to recover the amount which it paid, because it acquired no right of action against either of the two defendants named in this suit. We think there is no merit to this argument, however, because it has been established in this State that an insurer who is forced to pay under its contract of insurance as a result of the negligence of a third party has a right of action for such a loss under Article 2315 of the LSA-Civil Code, without the execution of a conventional subrogation. Aetna Casualty and Surety Co. v. Allen, La.App. 3 Cir., 132 So.2d 240, and cases therein cited; Emmco Insurance Co. v. Nola Cabs, Inc., La.App. 4 Cir., 125 So.2d 207; Lumber Mutual Fire Insurance Company v. Kemp, La.App. 1 Cir., 102 So.2d 248; Pellegrin v. Canal Insurance Company, La.App. 1 Cir., 111 So.2d 568.
Since Southern Farm Bureau Casualty Insurance Company, as the collision in *119 '■surer of thé Martin automobile, was compelled to pay under its contract of insurance because of the negligence of the employee of George W. Foshee Lumber Company, Inc., the insurer has a right of action under LSA-C.C.- Article 2315 •against the tortfeasors up to the amount 'of the payment, and accordingly it is immaterial that the conventional subrogation ’erroneously assigned to it a right of ac'tion against George Foshee rather than George W. Foshee Lumber Co., Inc.
. For the reasons herein set out, the judgment of the trial court is affirmed, .and all ■ costs of this appeal are assessed to de- ■ f endants-appellants.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.