J. CLEVELAND FRUGÉ, Judge ad hoc.
This case involves questions of fact and law resulting from a sideswipe collision between two automobiles owned or insured by the parties hereto. Briefly stated, the facts of the case are as follows. On the night of August 21, 1959, at approxi *705 mately 8:15 P.M. defendant was driving his 1957 red panel truck in a northerly direction along Louisiana Highway 22 near Sor-rento, Louisiana. At the same time and place, Mrs. Roland Bryant was driving in a southerly direction in a 1956 Pontiac automobile, which belonged to the marital community existing between her and her husband.
From this point on, there was conflicting testimony as to what actually occurred by the three witnesses to the accident — Mrs. Bryant and Mr. Palmisano, both parties to the suit, and Mr. Donald J. McGinnis, a disinterested party. Mrs. Bryant testified that she observed the defendant driving his truck on her side of the center dividing line of the highway and that she pulled her automobile as far to the right as she could without driving it into a ditch at the side of the road. She further testified that defendant’s truck sideswiped her automobile, causing it to go out of control. However, she did not know what part of defendant’s truck struck her vehicle. The defendant, Pascal Palmisano, testified that it was Mrs. Bryant’s automobile which left her lane and sideswiped his truck. He claims that he saw Mrs. Bryant’s automobile swerving from one side of the road to the other, and that he slowed his vehicle and blinked his lights in an effort to warn her of his presence.
The only disinterested witness to the accident was Mr. Donald J. McGinnis, who collided with Mrs. Bryant’s automobile after it went out of control. Mr. McGinnis testified that while he was following behind defendant’s truck he saw the defendant leave his lane and sideswipe Mrs. Bryant’s automobile. The lower court ruled in favor of plaintiffs, basing its decision solely upon the testimony of Mr. McGinnis.
 In view of the sharply conflicting testimony in this case, we do not believe that the court below was in manifest error by relying on the testimony of the disinterested witness. It is the generally accepted rule that a finding of fact by the trial judge, especially when there is sharply conflicting testimony, will not be reversed in the absence of manifest error. Ceasar v. Calcasieu Paper Company, 102 So.2d 314 (La.App.1958); Roux v. Attardo, 93 So.2d 332 (La.App.1957). Since we find no error in the findings of the court below, its ruling will not be disturbed.
The second argument made in defendant’s brief is that the Emmco Insurance Company was without standing in court to prosecute this suit. Emmco sued defendant for amounts paid under its insurance contract for damages caused by defendant to the insured automobile. Rol- and Bryant sued for the $50.00 he expended under the fifty-dollar-deductible clause of the policy, but dismissed his claim «.fter defendant took this appeal. At the close of Emmco’s case, defendant moved for summary judgment on the ground that Emm-co did not show that it was a real party in interest by introducing into evidence a subrogation agreement between itself and Roland Bryant, as head master of the marital community. Over defendant’s objection, the court allowed Emmco to reopen its case and introduce the subrogation. Defendant renews this objection on appeal. However, it is now well established that when a collision insurer is forced to pay under its insurance contract for damages resulting from the negligence of a third person, it has a right and a cause of action against the third person without the execution of a conventional subrogation. Emmco Ins. Co. v. Ferrara, 127 So.2d 48 (La.App.1961) ; Emmco Ins. Co. v. Sharp, 126 So.2d 57 (La.App.1960); Emmco Ins. Co. v. Nola Cabs Inc., 125 So.2d 207 (La.App.1960). See also, Southern Farm Bureau Cas. Ins. Co. v. George W. Forshee Lumber Co., Inc., 136 So.2d 115 (La.App.1961); North River Ins. Co. v. Allstate Ins. Co., 132 So.2d 90 (La.App.1961).
For the above and foregoing reasons, the judgment of the lower court is affirmed at defendant’s costs.
Affirmed.